**Daniel L. ABDUL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16342.**

United States Court of Appeals
Ninth Circuit.

March 29, 1960.

Hoddick & Chang, Howard K. Hoddick, Honolulu, Hawaii, for appellant.

Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, for appellee.

Before CHAMBERS, ORR and JERTBERG, Circuit Judges.

ORR, Circuit Judge.

█ Once before appellant was here appealing from a conviction on an indictment charging him with a misdemeanor for violation of the income tax laws in that he "wilfully" failed to file Employer's Quarterly Federal Tax Returns reporting the tax withheld from employee's wages. His conviction was reversed and the case remanded for a new trial. Abdul v. United States, 9 Cir., 1958, 254 F.2d 292. Later the case was set for retrial. The judges in Hawaii deeming themselves disqualified, Judge Peirson M. Hall of the Southern District of California was designated to try the case. Pursuant to said designation, Judge Hall entered into the trial of the case and in the course of the trial sustained a motion to dismiss because of a defect in the indictment. The United States District Attorney then determined to seek a new indictment and to have a trial thereon during the time Judge Hall would be available in Hawaii and thus avoid the expense and delay which would result if the case was continued and another judge designated to go to Hawaii at a later date. To expedite the proceedings, the court ordered that only those members of the Grand Jury, which had theretofore been empaneled, who were residing on the island of Oahu be called into session. The summons was made and 18 members responded. This case was presented to them for consideration and on October 22, 1958 an indictment was returned charging appellant with the same offense as contained in the first indictment. Appellant was arraigned the following day. Trial was set for October 24, 1958, the day following the arraignment.

Appellant objected to the expedition with which the court was proceeding and asked for a continuance which was denied. Under ordinary circumstances the speeding up of the trial in such a manner could be prejudicial, but in the instant case we have a situation where one trial had been completed, an appeal taken, a new trial ordered and, after a lapse of about seven months, the case brought to trial and dismissed in the course thereof. Surely appellant had made ample preparation for the first trial and presumptively had done so for the second trial. He had the same preparation and resources available on the third trial as he did for the first and second. Under the circumstances, we see no prejudice to appellant, and no prejudice appearing, there was no abuse of discretion on the part of the trial court in setting the early date of the trial in view of the protracted delay which would have resulted had Judge Hall left Hawaii without trying the case. Appellant's contention that he did not have time to prepare for trial is untenable.

█ Complaint is made that the court committed prejudicial error in confining the selection of the Grand and trial juries to those members residing on the island of Oahu. Appellant made timely objection before the trial court. In considering this question, it should be kept in mind that a Grand Jury had been previously convened to act during the year and were in recess subject to call. The number of Grand Jurors summoned and acting was more than required to find a valid indictment. Had the entire panel been summoned and those from outlying islands all voted against finding an indictment, the result would have been the same. The same procedure was followed in the selection of the trial jury in that only persons residing on Oahu were called. The yearly selection of trial jurors had theretofore been made, so that the requirements in respect of a selection of jurors from all segments of society had been complied with. Appellant says that the exclusion of both Grand and trial jurors from other islands was prejudicial. Absent a showing of some existing public prejudice against appellant on the island of Oahu, the confining of the selection of jurors to that island is not sufficient to show prejudice

in itself. One of the strongest indications of the absence of prejudice, is the fact that appellant was satisfied with and accepted the trial jury while still having peremptory challenges which he could have exercised had he entertained any doubts as to the fitness of any juror in the box to serve.

■ Appellant says that the purposeful and systematic exclusion of a particular group from a jury requires dismissal even if no prejudice is shown and cites Ballard v. United States, 1946, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181, in support of his contention. The trouble appellant runs into is that the instant situation is different. That case involved a practice of deliberate and systematic exclusion of women from jury service. The court held that this practice was a deliberate effort to undermine the statutory provision for women jurors and, being an injury to the jury system itself, required reversal regardless of any prejudice in the individual case. There is no thwarting of legislative intent here. No segment of society was excluded. The circumscription in the selection was solely territorial and there is no requirement, statutory or constitutional, that juries include residents of all geographic parts of the district. Lewis v. United States, 1929, 279 U.S. 63, 49 S.Ct. 257, 73 L.Ed. 615; United States v. Titus, 2 Cir., 1954, 210 F.2d 210. Section 1865(a) of Title 23 U.S.C. provides as follows:

> "Grand and petit jurors shall from time to time be selected from such parts of the district as the court directs-so as to be most favorable to an impartial trial, and not to incur unnecessary expense or unduly burden the citizens of any part of the district with jury service."

The discretion a court has in selecting jurors will not be disturbed on review unless the selection is shown to be unfavorable to an impartial trial. Cases relied upon by appellant involve the deliberate selection of economic groups to constitute a jury which, unlike that in the instant case, was inherently prejudicial to one of the parties. Thiel v. Southern Pacific Co., 1946, 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (exclusion of wage earners inherently prejudicial to plaintiff in tort action against corporation); United States v. Standard Oil Co., D.C.N.D.Ill.1909, 170 F. 988 (jury comprised mostly of farmers living outside the city not calculated to return a fair verdict against corporate defendant in criminal action).

■ As has happened in other cases such as this where the word "wilful" is used by a statute in defining a crime, confusion has arisen as to its meaning. Appellant made the same attack on the trial court's explanation of the meaning of the word "wilful" as used in the statute on which the indictment was based in the former appeal to this court as he does to an instruction given in the instant case. We are content to rely on what we said in the former case as to the correctness of the instruction. See Abdul v. United States, 9 Cir., 1958, 254 F.2d 292.

In the course of a lengthy instruction the court said:

> "It is not necessary for the prosecution to prove knowledge by the accused that a particular act or failure to act is a violation of the law. Everyone is held to know what the law forbids and what the law requires to be done."

Appellant lifts this from the instruction and charges prejudice. Perhaps this statement, if given without explanation, would not be proper in the instant case where "wilful" violation must be proven by the government. However, in the instruction given by the trial court in the instant case the statement is preceded and followed by a full and correct definition of the law. Hence we cannot see wherein the jury could have been misled.

A number of other errors are alleged. We have examined them and find them of no such consequence as would require a discussion in this opinion.

Judgment affirmed.