UNITED STATES of America,
Plaintiff-Appellee,

v.

Edward J. MESHESKI, Defendant-
Appellant.

No. 13087.

United States Court of Appeals
Seventh Circuit.

Jan. 30, 1961.

Philip G. Marshall, Milwaukee, Wis., James E. Doyle, Madison, Wis., for appellant.

Edward G. Minor, U. S. Atty., Howard C. Equitz, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before KNOCH and CASTLE, Circuit Judges, and PLATT, District Judge.

KNOCH, Circuit Judge.

Defendant was indicted in twenty counts charging him with the offense of knowingly and willfully attempting to eváde and defeat the payment of taxes in violation of Section 145(b), Title 26, U.S.C., Internal Revenue Code of 1939, or of the comparable Section 7201, Title 26 U.S.C., Internal Revenue Code of 1954.[1]

---

1. The pertinent sections read:
   "§ 145. Penalties
   "(a) Failure to file returns, submit information, or pay tax. Any person required under this chapter to pay any estimated tax or tax, or required by law or regulations made under authority thereof to make a return or declaration, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any estimated tax or tax imposed by this chapter, who *willfully fails to pay such estimated tax or tax*, make such return or declaration, keep such records, or supply such information at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than

$10,000, or imprisoned for not more than one year or both, together with the costs of prosecution.
   "(b) Failure to collect and pay over tax, or attempt to defeat or evade tax. Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more that $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution." I.R.C. 1939.

The facts are not in dispute. Defendant was in the business of preparing tax returns for others and had been engaged in that business for some years. Having prepared the returns and having obtained money from the taxpayers for transmittal to the Director of Internal Revenue, he failed to file the returns and diverted the money to his own uses.

The District Court denied defendant's motion to dismiss the indictment on the ground that no count stated facts sufficient to constitute an offense against the United States.

The defendant waived jury trial. The District Court found him guilty. He was fined $1,000 and placed on probation for five years. Special conditions of probation were imposed. Defendant brought this appeal. He states the sole contested issue to be:

"Is a person who converts money entrusted to him by another for the payment of such other's income tax by failing to turn it over to the Internal Revenue Service guilty of a felony within the meaning of Section 145(b), Internal Revenue Code of 1939 or the comparable Section 7201, Internal Revenue Code of 1954?"

Defendant argues that the willful failure to file returns, submit information or pay taxes, is, at worst, a misdemeanor under Section 145(a) or the comparable Section 7203, but that defendant here has been improperly charged with a felony for mere passive failure to file returns and pay taxes. Thus, he contends, willful failure by the taxpayer himself would constitute a mere misdemeanor, but defendant's willful failure to file the same return is alleged to constitute a felony.

It is conceded by defendant that persons other than the taxpayer have been successfully prosecuted under the felony section. In these cases, however, the defendant had engaged in some such activity as preparing and filing fraudulent returns, or conspiring with the taxpayer by keeping fraudulent books or hiding assets. Tinkoff v. United States, 7 Cir., 1936, 86 F.2d 868; Maxfield v. United States, 9 Cir., 1945, 152 F.2d 593; United States v. Borgis, 7 Cir., 1950, 182 F.2d 274.

■ Neither defendant nor the government has cited any published case directly in point. The parties are agreed that mere failure to file a return and pay a tax does not constitute a willful attempt to evade or defeat the tax. There must be something more, some affirmative positive act to attempt to defeat or evade the tax. Spies v. United States, 1943, 317 U.S. 492, 500, 63 S.Ct. 364, 87 L.Ed. 418; United States v. Bardin, 7 Cir., 1955, 224 F.2d 255, 260; Bridgeforth v. United States, 6 Cir., 1956, 233 F.2d 451, 453.

■ The government argues that defendant did such additional affirmative acts as must render him guilty of a felony. It is asserted that he prepared the returns and received payment from the taxpayers in cash or in checks payable

"§ 7201. Attempt to evade or defeat tax

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution. * * * *"

"§ 7203. Willful failure to file return, supply information or pay tax

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution." I.R.C.1954.

to his order. He then prepared his own checks payable to the District Director of Internal Revenue, and envelopes addressed to that official, which he exhibited to the taxpayers, who were also given receipts and assured that their tax obligations were discharged. Thus defendant forestalled investigation by the taxpayers who would not thereafter be expecting to receive either their cancelled checks or receipts from the District Director.

After careful and extended consideration, this Court has concluded that the defendant's reprehensible actions, designed to hinder detection of the strictly local crime of embezzlement, do not constitute such affirmative conduct as clearly and reasonably infers a motive to evade or defeat tax.

The judgment of the Court below is therefore reversed.