**UNITED STATES of America**
**v.**
**Charles L. O. EDWARDS, Defendant.**
**No. CR 63-155.**

United States District Court
D. Oregon.

June 24, 1964.

Sidney I. Lezak, Acting U. S. Atty., and Charles H. Habernigg, Asst. U. S. Atty., Portland, Or., for the United States.

William E. Dougherty, Portland, Or., for defendant.

SOLOMON, Chief Judge.

Defendant, Charles L. O. Edwards, a lawyer with many years experience, was indicted in 25 counts for violation of the Federal income tax laws. He was charged in three counts (XXIII, XXIV, and XXV) with the violation of Section 7203, Internal Revenue Code of 1954, 26 U.S.C.A. § 7203, for his wilful failure to file income tax returns for the years 1959, 1960 and 1961, when his gross income for such years was $5,912.50, $8,-280.57 and $18,606.34, respectively. At the trial defendant admitted that he had income in the amounts charged, that he was well acquainted with the income tax laws, that he knew that his income required him to file returns, and that he failed to file them. His only excuse appears to be that he was too busy preparing income tax returns for his clients. At the conclusion of the trial I found the defendant guilty on each of these counts.

Defendant was also charged in five counts (X and XIX to XXII, inclusive) with the violation of Section 7206(2),

Internal Revenue Code of 1954, 26 U.S. C.A. § 7206(2), for knowingly, wilfully and feloniously assisting and procuring the preparation and filing of false and fraudulent income tax returns for named clients. Credits for payments and credits on declarations of estimated taxes were claimed even though defendant knew that such payments were not made and that there were no credits due the taxpayers. The evidence showed that in four of these cases, clients came to defendant's office with summaries of their income and expenses for the year 1957 for the purpose of having the defendant prepare their 1957 State and Federal income tax returns. Defendant suggested that his clients pay certain amounts, varying from $200.00 to $500.00, which defendant agreed to send to the Collector of Internal Revenue with declarations of estimated tax. At the suggestion of the defendant, the checks were made payable to the defendant and were cashed by him, but none of such payments were sent to the Collector.

In the fifth case, the facts were identical except that the return related to the 1958 tax.

In the returns prepared for these individuals, amounts which the taxpayers had paid defendant were claimed as credits for payments on estimated taxes. The returns were mailed by defendant, together with the balances due after deducting the credits for payments on estimated taxes, even though defendant knew that he had failed to send those payments to the Collector of Internal Revenue.

 I find the defendant guilty of each of these five counts. He knowingly and wilfully prepared individual income tax returns for clients in which he falsely claimed credits for payments which he knew had not been made. The fact that the taxpayers were innocent of any wrongdoing and the fact that the defendant embezzled his clients' money do not affect defendant's criminal responsibility for these income tax violations.

Defendant was charged in the remaining 17 counts (I to IX, inclusive, and XI to XVIII, inclusive) with the violation of Section 7201, Internal Revenue Code of 1954, 26 U.S.C.A. § 7201, for wilfully attempting to evade the payment of income taxes of his clients for whom he had prepared returns.

Section 7201 provides that "[a]ny person who wilfully attempts in any manner to evade or defeat any tax imposed" by the income tax laws shall be guilty of a felony.

 This statute is applicable to persons other than taxpayers. Leathers v. United States, 9 Cir. 1957, 250 F.2d 159; Tinkoff v. United States, 7 Cir. 1936, 86 F.2d 868, cert. denied 301 U.S. 689, 57 S.Ct. 795, 81 L.Ed. 1346, rehearing denied 301 U.S. 715, 57 S.Ct. 937, 81 L.Ed. 1366. The filing of a false return is only one manner of attempt. Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943); United States v. Gordon, 3 Cir. 1957, 242 F.2d 122, cert. denied 354 U.S. 921, 77 S.Ct. 1378, 1 L.Ed.2d 1436. Conduct constituting a State crime may also be a violation of this section. Leathers v. United States, supra.

 Here, the defendant, a lawyer, prepared many tax returns for his clients, collected the taxes due as shown by the returns, and promised his clients that he would send both the returns and the money to the Collector of Internal Revenue. Defendant did not file the returns with the Collector; he pocketed the money. In addition, he told some of his clients that he had filed the returns and paid the tax, and he led all of them to believe that he had done so. He also made false statements to Internal Revenue Agents in order to prevent them from discovering that he had cheated both his clients and the Government.

I find that defendant intended to cheat not only his clients by embezzling their money, but also the Government by evading his clients' taxes. His having to cheat the Government in order to prevent

detection of the embezzlement of his clients' funds does not relieve him of criminal responsibility. This precise situation was referred to by Mr. Justice Jackson in the well-known case of Spies v. United States, 317 U.S. 492, 499, 63 S.Ct. 364, 368, when he stated:

"If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime."

Defendant earnestly contends that he is not guilty of the crimes charged under Section 7201 on the authority of United States v. Mesheski, 7 Cir. 1961, 286 F.2d 345, the relevant facts of which are almost identical to this case. In Mesheski, the Court recognized that a person other than a taxpayer may be guilty of violating Section 7201, which is a felony, and it pointed out that the mere failure to file a return without some affirmative positive act to attempt to defeat or evade the tax, did not constitute a violation of this section. I fully agree with this statement of the law, but I disagree with the Court's conclusion that:

"* * * the defendant's reprehensible actions, designed to hinder detection of the strictly local crime of embezzlement, do not constitute such affirmative conduct as clearly and reasonably infers a motive to evade or defeat tax." 286 F.2d at 347.

The facts recited by the Court, in my opinion, require the opposite result:

"* * * he prepared the returns and received payment from the taxpayers in cash or in checks payable to his order. He then prepared his own checks, payable to the District Director of Internal Revenue, and envelopes addressed to that official, which he exhibited to the taxpayers, who were also given receipts and assured that their tax obligations were discharged." 286 F.2d at 346–347.

I find the defendant guilty of Counts I through IX, inclusive, and XI through XVIII, inclusive, for the violation of Section 7201, Internal Revenue Code of 1954, 26 U.S.C.A. § 7201, and by reason thereof I now find defendant guilty on all counts in the indictment except for Count XVI.[1]

1. Count XVI was dismissed at the commencement of the trial.