**UNITED STATES of America, Plaintiff,**

**v.**

**Virgil M. GASE, Defendant.**

**No. CR 65–38.**

United States District Court
N. D. Ohio, W. D.

July 20, 1965.

John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, for plaintiff.

Francis M. Marley, Fostoria, Ohio, for defendant.

YOUNG, District Judge:

Defendant has been indicted on twenty-eight counts of knowingly and willfully attempting to evade and defeat income taxes due to the United States of America, by preparing tax returns for various taxpayers for the years 1958, 1959, and 1960, obtaining from the taxpayers money to pay the taxes, and then keeping the money and not filing the returns.

Defendant has filed a motion to dismiss the indictment upon three grounds:

1. The indictment does not state facts sufficient to constitute an offense against the United States.

2. The indictment was not found within three (3) years next after the alleged offenses are alleged to have been committed.

3. The first seven counts of the indictment were not found within six

years next after the alleged offenses are alleged to have been committed.

As to the first ground of the motion, the defendant relies on the case of United States v. Mesheski, 286 F.2d 345 (1961), a decision of the 7th Circuit Court of Appeals.

The facts of the Mesheski case are on all fours with those of the present case, but it is impossible to follow the reasoning of that Court in reaching its conclusion.

The statute, Section 7201, Internal Revenue Code of 1954; Section 7201, Title 26, United States Code, is couched in the broadest possible language, providing that "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, * * * be guilty of a felony * * *".

The defendant claims that since a subsequent section of the statutes, Section 7203 of Title 26, makes it a misdemeanor only willfully to fail to pay the tax or file a return, the defendant can only be penalized under this section, and not under the section which is the basis of the indictment. The Mesheski case follows this reasoning.

The Supreme Court, in the case of Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943), has pointed out that under former analogous sections, it is not merely the taxpayer who may be charged under those statutes, and on p. 499 of the opinion specifically refuses to restrict by definition the scope of the provision that the attempt to evade may be accomplished "in any manner".

Granting the argument that if the taxpayer fails to file his return, or to pay his tax, this is a mere sin of omission, for which he may be charged only with the misdemeanor of violating Section 7203, and that there must be some positive act of commission to constitute a violation of Section 7201, it should not be forgotten that the defendant here is not a taxpayer who carelessly or otherwise

failed to do that which the law required of him.

Repeatedly, over a series of years, the defendant stepped in and diverted from the government and into his own pocket, by his own actions, taxes that the taxpayer was trying to pay. Whatever may be said about a person who doesn't file his own return, or pay his own taxes, the defendant's actions here were positive and affirmative. He prepared tax returns, had them executed, collected the money necessary to pay them, promising to file the returns and pay the taxes, and then withheld both returns and taxes. This is far more than a mere omission to act.

This Court is not alone in its conclusion that the decision in the Mesheski case is not correct. In the case of United States v. Edwards, 230 F.Supp. 881 (1964) the District Court for the District of Oregon, upon facts identical with those of the present case, refuses to follow Mesheski, and finds the defendant guilty of the felony of violating Section 7201.

The defendant's motion is not well taken as to its first branch, and must be overruled.

What has been said as to the first branch of the motion is dispositive as to the second branch, since the three year statute of limitations, Section 6531 of Title 26, makes an exception for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof, in which case the limitation is six years. The second branch of defendant's motion must, therefore, also be overruled.

With respect to the third branch of defendant's motion, it is claimed that the offenses charged, even if the felony statute is involved, occurred at the latest on April 15, 1959, and the indictment was not found until June 15, 1965, more than six years thereafter.

The government points out that although the indictment was not returned until June 15, 1965, complaint was filed upon these matters on April 15, 1965,

within the period of the six year statute of limitations. Section 6531, Title 26, U.S.Code, provides that where a complaint is instituted within the period of limitation, the time shall be extended until the date which is nine months after the date of the making of the complaint. Since the indictment was returned within the extended time, the third branch of defendant's motion must also be overruled.

An entry may be prepared accordingly.