UNITED STATES of America

v.

Manuel L. DONOVAN.

Crim. No. 22906.

United States District Court
W. D. Texas,
San Antonio Division.

Feb. 8, 1966.

Andrew L. Jefferson, Jr., Asst. U. S. Atty., San Antonio, Tex., for petitioner.

Edward R. Finck, Jr., Clemens, Knight, Weiss & Spencer, San Antonio, Tex., for respondent.

SPEARS, Chief Judge.

The defendant, Manuel L. Donovan, was indicted by the Grand Jury in fourteen counts charging him with violations of the Internal Revenue Code. Counts 1, 8, 9, 10, 11, 12, 13 and 14 charge the defendant with violations of Section 7201 of Title 26, United States Code. The defendant has moved the Court to dismiss these counts on the ground that each of them fails to state facts sufficient to constitute an offense against the United States. In support of his contention, the defendant states that these counts allege merely that the defendant failed to file a return and to pay a tax; and that to constitute an offense within Section 7201 there must be alleged some positive affirmative act in an attempt to defeat or evade the tax in addition to allegations of mere acts of omission. The counts in question allege substantially the same activities on the part of the defendant, each being distinguishable only as to the particular client involved. They allege that the defendant was employed by his clients to prepare individual United States income tax returns for 1961 and to transmit the money representing the taxes due by the client to

the Internal Revenue Service; that the defendant did prepare the return and obtained the money from the clients, representing to them that he would transmit the return and the money to the Internal Revenue Service; that the defendant failed to file the return and failed to pay over to the Internal Revenue Service the money received from his clients; that instead he diverted the money to other purposes not authorized by his clients, representing to them that he had filed the return and paid the taxes. The defendant's motion to dismiss these counts of the indictment is denied for the reasons hereinafter stated.

■ Section 7201 of Title 26, United States Code, provides that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony * * *." Section 7203 of Title 26, United States Code, provides in part that "any person required * * * to pay any estimated tax or tax * * * or make a return * * * keep records or supply information * * * who wilfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information * * * shall in addition to other penalties provided by law, be guilty of a misdemeanor * * *." The cases are quite clear to the effect that the omissions denounced as misdemeanors in Section 7203 consist of a wilful failure to perform a number of specified acts at the time required by law, those relevant here being the failure to file a return and the failure to pay a tax when due. The commission of a felony within Section 7201 cannot be made out by allegations limited to these omissions. However, the omissions within Section 7203 coupled with wilful, affirmative acts of commission designed to evade or defeat a tax will constitute the felony outlined in Section 7201.

Two Supreme Court cases outline these elements quite clearly. In Spies v. United States of America, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1942), the Supreme Court reversed a conviction for a violation of Section 145(b) of the Revenue Act of 1936 (comparable to Section 7201 of the Internal Revenue Code of 1954), where the defendant had failed to file a return and pay the tax. The government presented evidence tending to show that defendant's manner of receiving and handling income, as well as his manner of accounting, indicated an intent to evade and defeat the tax within Section 145(b). During the trial the Court refused defendant's requested charge to the effect that the jury "may not find the defendant guilty of a wilful attempt to defeat and evade the income tax if (it) find(s) only that he had wilfully failed to make a return of taxable income and has wilfully failed to. pay the tax on that income; that an affirmative act is necessary to constitute a wilful attempt". Rather, the Court charged that if the jury should find that the defendant wilfully failed to file a return and to pay the tax due, it must conclude that the defendant wilfully attempted to evade or defeat the tax, provided, of course, the facts and circumstances warranted it. The Court further charged that "attempt" means to try to do or accomplish, but that it is not necessary that there be affirmative steps taken, and that attempt may be found on the basis of inactivity or on refraining to act as well. It was because of these errors in the charge that the Supreme Court reversed the conviction, stating that the question involved is whether there is a distinction between the acts necessary to make out the felony (Section 145(b) (1936) and Section 7201 (1954)) and those which may make out the misdemeanor (Section 145(a) (1936) and Section 7203 (1954)). The Court stated that:

"(I)t would be unusual and we would not readily assume that Congress by the felony defined in § 145 (b) meant no more than the same derelictions it had just defined in § 145(a) as a misdemeanor. * * *

The difference between the two offenses, it seems to us, is found in the affirmative action implied from the term 'attempt' as used in the felony subsection. * * * that in employing the terminology of attempt to embrace the gravest of offenses against the revenues, Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors. Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony. * * * By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal. If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime."

In Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882, (1965), the Supreme Court reiterated the principles of the Spies case, as follows:

"As has been held by this Court, the elements of § 7201 are willfulness, the existence of a tax deficiency, * * * and an affirmative act constituting an evasion or attempted evasion of the tax. ('some willful commission in addition to the willful omissions that make up the list of misdemeanors') * * *. In com-

parison, § 7203 * * * requires only willfulness and the omission of the required act * * *."

The Courts agree that Section 7201 prohibits *any* person from attempting to defeat or evade the tax. Conviction under this section is not limited to a taxpayer. (United States v. Mesheski (7th Cir. 1961) 286 F.2d 345; United States v. Edwards (D.C.Oreg.1964) 230 F.Supp. 881; Norwitt v. United States (9th Cir. 1952) 195 F.2d 127; Leathers v. United States (9th Cir. 1957) 250 F. 2d 159). Therefore, it cannot be questioned that the defendant here comes within that class of "any person(s)" who may be convicted of a violation of Section 7201.

The defendant cites the case of United States v. Mesheski (supra) in support of its contention. In that case the defendant was convicted of a violation of Section 145(b) (comparable to Section 7201) upon facts identical to those presented here. The defendant made a motion to dismiss the indictment alleging the same ground as presented here, which was denied. The Court on appeal reversed the conviction stating that "after careful and extended consideration, this Court has concluded that the defendant's reprehensible actions, designed to hinder detection of the strictly local crime of embezzlement, do not constitute such affirmative conduct as clearly and reasonably infers a motive to evade or defeat tax."

The conclusion of the Court of Appeals in the *Mesheski* case has not been followed by the district courts in United States v. Edwards (supra) and in United States of America v. Gase, (N.D.Ohio 1965) 248 F.Supp. 704, and cannot be accepted by this Court. The *Mesheski* case was not appealed further, nor has it been followed by any other Court. The defendant in *Edwards* was convicted upon facts quite similar to those here. The defendant appealed on the ground of the holding in *Mesheski*. The Court disagreed with the conclusion reached in

that case and affirmed the conviction, stating that the "defendant intended to cheat not only his clients by embezzling their money, but also the Government by evading his clients' taxes. His having to cheat the Government in order to prevent detection of the embezzlement of his clients' funds does not relieve him of criminal responsibility." The Court in *Gase*, again on identical facts, also found it "impossible to follow the reasoning of (the) Court (in the Mesheski case) in reaching its conclusion;" and stated that "it should not be forgotten that the defendant here is not a taxpayer who carelessly or otherwise failed to do that which the law required of him. * * * Whatever may be said about a person who doesn't file his own return, or pay his own taxes, the defendant's actions here were positive and affirmative. He prepared tax returns, had them executed, collected the money necessary to pay them, promising to file the returns and pay the taxes, and then withheld both returns and taxes. This is far more than a mere omission to act."

██ This Court finds that the activities of the defendant, as explicitly outlined in the indictment, in preparing the returns for his clients, obtaining the money from them, representing to them that he would transmit the money and the returns to the Internal Revenue Service, his failure to file the returns or make the payments of the money, the diversion of the money instead to his own uses, and his representation to his clients that he had filed the returns and paid the taxes constitute such wilful affirmative action on the part of the defendant as to raise the offense to that of the grade of felony prescribed in Section 7201. These activities cannot in any way be equated to the mere failure or omission on the part of a taxpayer to perform certain specified acts at the time required by law.

The motion to dismiss is denied and an order to that effect has been entered.