Charles **L. O. EDWARDS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19782.

United States Court of Appeals
Ninth Circuit.

April 4, 1967.

Rehearing Denied May 18, 1967.

William E. Dougherty, Portland, Or., for appellant.

Sidney Lezak, U. S. Atty., Charles H. Habernigg, Asst. U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Appellant was indicted on twenty-five counts for violation of federal income tax laws. The District Court, sitting without jury, found him guilty on all counts and he has appealed that judgment.[1] Three sections of the Internal Revenue Code are involved.

---

1. On the § 7203 and § 7206(2) counts (see discussion infra) appellant received concurrent sentences of 18 months imprisonment and $1500 fine. On the § 7201 counts he received a suspended sentence of three years and probation.

1. *Failure to file return,* 26 U.S.C. § 7203.[2] Appellant was charged on three counts with willful failure to file income tax returns for the years 1959, 1960 and 1961. His defense was that he was busy on other matters and simply overlooked it. The District Court understandably refused to credit this explanation. Appellant is an experienced tax attorney. Once before he was investigated by the Revenue Service for failure to file timely returns.

■ On appeal appellant contends that there was a failure to establish the requisite willfulness and criminal intent. He points out that by 26 U.S.C. § 6651 a civil penalty is imposed for failure to file returns unless such failure was "due to reasonable cause and not due to willful neglect." He contends that a higher degree of willfulness must therefore be contemplated by the criminal statute.

United States v. Murdock, 290 U.S. 389, 394, 54 S.Ct. 223, 225, 78 L.Ed. 381 (1933), dealing with a prosecution for willful refusal to supply information under a predecessor of § 7203 stated with reference to the word "willful":

"The word often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute, it generally means an act done with a bad purpose * * * without justifiable excuse * * * stubbornly, obstinately, perversely * * *."

See also Abdul v. United States, 254 F.2d 292 (9th Cir. 1958), 278 F.2d 234 (9th Cir. 1960), cert. denied, 364 U.S. 832, 81 S.Ct. 44, 5 L.Ed.2d 58 (1960).

In our judgment the record leaves no room for doubt that appellant's omissions meet these requirements.

Judgment on these counts is affirmed.

2. *False statement,* 26 U.S.C. § 7206 (2).[3] Appellant was charged in five counts with knowingly, willfully and feloniously assisting and procuring the preparation and filing of false and fraudulent income tax returns for certain named clients.

Appellant prepared tax returns for many clients. His practice was to secure from the clients a check payable to him covering the amount of tax due, plus his fee. This amount he deposited in a special "trust account" and on this account he drew checks payable to the Collector of Internal Revenue, which he would then send to the Collector together with his clients' returns. His trouble was that he didn't make all the payments for his clients that he was obligated to make. On the occasions involved in these charges he prepared statements of estimated tax due and collected from his clients the amounts payable with such statements, representeing to them that the statements would be filed and the payments

2. "§ 7203. *Willful failure to file return, supply information or pay tax*

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

3. "§ 7206. *Fraud and false statements*

Any person who—
 \* \* \* \* \*

(2) *Aid or assistance.*—Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document; or
 \* \* \* \* \*

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution."

would be made. He then failed to file or pay. When the corresponding final returns were prepared by him, he falsely showed the estimated tax payments as having been made and as being proper credits against the total taxes due. The returns so prepared were signed by his clients on his representation that these statements were true and the returns were then filed.

As to these counts, appellant's contention on appeal is that the record does not establish that his motive was sufficiently evil to amount to felonious willfulness. His position seems to be that he did not intend by his falsification to evade tax payments but only wanted to gain a little time.

■■ The offense to which this section is directed is not evasion or defeat of tax. Rather it is falsification and the counseling and procuring of such deception as to any material matter. Here the falsification was committed deliberately, with full understanding of its materiality; with intent that it be accepted as true and that appellant thereby gain the end he sought. This in our judgment is sufficient to constitute willfulness under this section.

Judgment on these counts is affirmed.

3. *Attempt to evade or defeat tax*, 26 U.S.C. § 7201.[4] Appellant was charged in seventeen counts with willfully attempting to evade or defeat the income tax laws.

Appellant's troubles with his trust account led him to prepare tax returns, collect the amount of tax due and then fail to file the return or make the payment. The question is whether such conduct is sufficient to constitute a violation of this section. Appellant contends that since failure to file return or make payment is made a misdemeanor under § 7203, a higher degree of willfulness and conduct amounting to more than mere omission is required to support a violation of § 7201. He relies on Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943).

In that case Spies had failed to file a return or pay a tax in a year in which he admittedly had sufficient income to require him to do both. The issue with which the Supreme Court dealt was whether this conduct could constitute a willful attempt to evade under what is now § 7201. The Court held that without other proof it could not. The Court referred to the statutory provision that willful failure to file or to pay are misdemeanors, and concluded that a willful attempt to evade, in order to constitute a felony, must logically be something more. The Court then reasoned that this "is found in the affirmative action implied from the term 'attempt', as used in the felony subsection." (p. 498, 63 S.Ct. p. 368). The Court stated:

"We think * * * Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors * * *. [W]e would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or conceal. If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of crime." (p. 499, 63 S.Ct. p. 368).

In that case there was evidence that Spies had insisted that certain income

4. "§ 7201. *Attempt to evade or defeat tax*

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution."

be paid him in cash, had made bank deposits of such moneys in the names of other members of his family, and had kept inadequate and misleading records. The Court said that upon proper submission to the jury, these acts would support the felony.

Appellant contends that such affirmative acts are lacking here. United States v. Mesheski, 286 F.2d 345 (7th Cir. 1961), supports appellant in this contention. Upon substantially identical facts as the present case, the court held that although the defendant had forestalled investigation by the taxpayers through undertaking payment for them, these "reprehensible actions designed to hinder detection of the strictly local crime of embezzlement do not constitute such affirmative conduct as clearly and reasonably infers a motive to evade or defeat tax."

The District Court was unable to accept this result. United States v. Edwards, 230 F.Supp. 881 (D.Or.1964). It found the requisite affirmative conduct in appellant's actions in preparing the returns, collecting the taxes due and diverting the sums so received.[5]

We reach the same result as *Mesheski* but are not sure that we do so on the same ground. In our view two distinct problems are presented: (1) whether the conduct in question is sufficient to constitute an affirmative "attempt" under *Spies*; (2) if so, whether such attempt was "willful" in the § 7201 sense.

 In so far as *Mesheski* may be read to hold that conduct of this character cannot constitute an attempt to evade or defeat the tax, as defined by *Spies*, we are impelled respectfully to disagree, and to agree with the District Court.

The *Spies* list of illustrations as quoted above may be read to suggest that the required acts of commission should be of such a character as is likely to mislead or conceal, and thus to hinder detection; that they should do more than is done by

a simple omission, which merely interferes with the voluntary system of reporting established by the Code and puts the Government to the task of ascertaining tax liability; that they should, by deception, serve to frustrate the Government in accomplishing that task.

But this is to read the *Spies* illustrations out of context and to disregard the explicit warnings that accompany them. The Court also stated (at p. 499, 63 S.Ct. at p. 368):

"Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its efforts to do so result in some unexpected limitation. Nor would we, by definition constrict the scope of the Congressional provision that it may be accomplished 'in any manner.'"

The *Spies* list was also preceded by the admonition that it was given "by way of illustration and not by way of limitation."

 It was not intended, then, to establish a hierarchy of attempts or evasions and limit § 7201 to those of a more deceitful or troublesome character. An affirmative willful act which in any manner serves the purpose of evasion is all that is required.

 In this case the failure to file or pay was implemented by affirmative conduct designed to assure its continuation and preclude its discovery. Appellant falsely represented to certain clients that their returns had been filed and their taxes paid, and this was accompanied by a diversion of the funds entrusted for the purpose of payment. These acts in our judgment were sufficient to constitute attempts to evade or defeat the tax imposed and payment thereof, if done with the requisite state of mind. Wilson v. United States, 250 F.2d 312 (9th Cir. 1957).

---

5. The District Court has received support for its position. United States v. Donovan, 250 F.Supp. 463 (W.D.Tex.1966);

United States v. Gase, 248 F.Supp. 704 (N.D.Ohio 1965).

The trouble in this case is in its lack of proof of willfulness in the sense of a specific intent to evade or defeat the tax or its payment. Evasion and defeat, as we understand their use in this section, contemplate an escape from tax and not merely a postponement of disclosure or payment.[6] A knowing and intentional omission to file could be the result of either purpose, and either purpose might support a prosecution for the state crime of embezzlement or other form of theft. Tax evasion, however, focuses on the accused's intent to deprive the Government of its tax moneys, and this requires more than just delay.[7]

While a scheme of the sort appellant perpetrated could be carried out with intent to escape the tax, the facts on this record do not support such an inference. It appears that some shortages in his trust account were traceable to his practice of accommodating some of his clients with advances—embezzling from Peter to pay Paul's taxes. But hard times came to him, and he also drew on the account for personal uses, gradually falling behind in filing returns and remitting payments. On the other hand one of his techniques was to apply to the District Director for six month extensions of time for filing returns, as permitted by Int.Rev.Code of 1954 § 6081 (a). Such extensions had been obtained for a number of the returns cited in the indictment. He thereby disclosed to the Government that as to those taxpayers a return was due.

It thus appears that appellant's purpose was to take advantage of the time lag in Government investigation of delinquent returns to tide him over during a period of personal financial hardship. Nothing in the record would suggest that he ever intended the permanent evasion of any of his clients' taxes.

One pursuing a path such as that of appellant might eventually fall so far behind that no reasonable man could believe that he would ever catch up. It does not appear, however, that appellant's straits had become that serious.

Judgment on these counts is reversed.

6. Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), is consistent with our understanding. There a return was falsified to exclude taxable income. It was asserted by the taxpayer that he intended to declare the income in the future, and that this vitiated the requisite willfulness to sustain the conviction. This was held to be no defense, since tax for the taxable period had been intentionally evaded; declaration in the future would bring the income into a different tax year. But here, by tardy filing of a proper return, the tax for the taxable period has not been evaded; its payment has merely been postponed. Cf., Wilson v. United States, 250 F.2d 312 (9th Cir. 1957); United States v. Jannuzzio, 184 F.Supp. 460 (D.Del. 1960).

7. Cf., Leathers v. United States, 250 F.2d 159 (9th Cir. 1957), where an accountant understated his client's income on the tax return for the client's business and pocketed the tax thus saved, defrauding both the client and the Government. His conviction was sustained.