MARVIN PHILLIP KABASE AND JOHN DePASQUALE, APPELLANTS, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 11037

September 28, 1978 584 P.2d 682

*Goodman, Oshins, Brown & Singer,* and *Stephen Stein,* Las Vegas, for Appellants.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Raymond Jeffers,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This appeal is from an order denying a pretrial habeas challenge to an indictment which charged appellants with embezzlement, swindling, conspiracy and evasion of gaming taxes.

The only issue of merit concerns the count charging appellants with evasion of gaming taxes, in violation of NRS 463.360(2). Appellants contend their alleged conduct did not constitute the crime of tax evasion. We agree.

NRS 463.360(2) provides, in pertinent part: "Any person who willfully fails to report, pay or truthfully account for and pay over any license fee or tax imposed by the provisions of this chapter, or willfully attempts in any manner to evade or defeat any such license fee, tax or payment thereof shall be punished. . . ."

The transcript of the proceedings before the grand jury contains evidence that appellants, while employed by the Fremont Hotel in Las Vegas, participated in a scheme to mark race and sports book tickets with the winning horses or sports teams after the outcome or winner of the horse race or sporting event had been determined; and, thereafter received monies for having done those acts. This evidence, if true, is sufficient to support the felony charges of embezzlement and swindling and the gross misdemeanor charge of conspiracy to commit those two offenses; however, it does not support the tax evasion charge.

In United States v. Mesheski, 286 F.2d 345 (7th Cir. 1961), the Internal Revenue Service attempted, under a substantially identical statute (26 U.S.C. § 7201), to obtain a conviction against a person who prepared tax returns for others and diverted to his own personal use money obtained from taxpayers for transmittal to the Director of Internal Revenue. In reversing a judgment of conviction, the United States Court of Appeal ruled that "defendant's reprehensible actions, designed to hinder detection of the strictly local crime of embezzlement, do not constitute such affirmative conduct as clearly and reasonably infers a motive to evade or defeat tax." *Id.* at 347. *See* United States v. Pomponio 429 U.S. 10 (1976); Spies v. United States 317 U.S. 492 (1943). Appellants' alleged conduct is within the quoted language from *Mesheski.* Accordingly, the district judge should have granted the habeas challenge to the tax evasion charge. The portion of the order which failed to do so is reversed. The remainder of the order is affirmed.