**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William E. EAKEN, Defendant–Appellant.**

**No. 92–4073.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 27, 1993.

Decided Feb. 22, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied March 31, 1994.

---

Frances C. Hulin, U.S. Atty. (argued), Danville, IL, for plaintiff-appellee.

Ronald E. Boyer (argued), Boyer & Thompson, Wateska, IL, for defendant-appellant.

Before CUMMINGS and FLAUM, Circuit Judges, and WILL, District Judge.*

WILL, District Judge.

Following a jury trial, defendant William E. Eaken was convicted of income tax evasion, in violation of 26 U.S.C. § 7201, and failure to file an income tax return, in violation of 26 U.S.C. § 7203. On appeal, Eaken challenges the sufficiency of the evidence supporting his conviction for income tax evasion, arguing that no overt act of tax evasion was proved by the government at trial. For the reasons delineated below, we disagree and affirm Eaken's conviction.

## I.

## BACKGROUND

Until 1988, when he requested that his name be removed from the list of attorneys licensed to practice in Illinois, defendant Eaken practiced law in Illinois. In 1984, Eaken was requested by clients to act as the administrator of the estate of Ms. Mary Oma Lane, which was being probated in Cook County, Illinois. As administrator, he received approximately $190,754.55 and opened an estate account at the Municipal Trust and Savings Bank in Bourbonnais, Illinois, where he conducted his personal and business banking. In addition to the estate account, he held at the bank a personal checking account, a checking account for his law practice, an account for Briar Center Partners, and a corporate account for Briar Center Partners, Ltd. In 1985, Eaken began withdrawing funds from the estate account and transferring these funds into his personal and business accounts.

Between January and October 1985, Eaken used withdrawal forms to make 34 withdrawals from the estate account, leaving a balance

* The Honorable Hubert L. Will, District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

of only $501.89. During the same time period, Eaken made 25 deposits totalling approximately $100,000.00 into his "William E. Eaken, Attorney" account. He made five deposits totalling approximately $14,000.00 into the "Briar Center Partners, Ltd." account. Finally, he made one deposit of approximately $57,000.00 into the "Briar Capital Corporation" account. Thus, over $26,000.00 of the estate withdrawals remains unaccounted for. Eaken apparently used the embezzled estate funds for immediate expenditures such as the purchase of land for Briar Capital Corporation, to pay for the construction of a building, and for his various personal and professional expenses.

In 1984, Eaken employed an attorney to represent him with respect to the administration of the estate; this attorney subsequently withdrew because he was having problems communicating with the defendant. At the defendant's trial, another attorney testified that Eaken in December 1986 retained him to oppose in probate court the appointment of a special administrator of the estate to replace Eaken as administrator. At Eaken's request, this attorney informed the probate court that Eaken and his former attorney were having problems and further represented to the probate court that the estate would be closed shortly. However, Eaken failed to close the estate. As a result, a rule to show cause was issued against him in 1987. Finally, Eaken informed the probate court that he had depleted the assets of the estate. At trial, Eaken admitted that he was not forthcoming to the probate court and claimed that his motive was to conceal the embezzlement until he could replenish the estate funds. Throughout his testimony, Eaken insisted that he at no time had any intention to evade his tax obligations to the IRS.

It is undisputed that Eaken failed to file a tax return for 1985. On April 17, 1986, however, he did file a request for an extension of time in which to file for 1985, along with a payment of $1700.00. At the trial, an Internal Revenue Service agent testified that Eaken had admitted to him his failure to file his tax return for 1985, and his embezzlement of funds from the estate. Another IRS agent conducted an analysis of the flow of funds from the estate account to the defendant's personal accounts during 1985; this agent testified that $197,842.93 was withdrawn from the estate account and that all but $26,423.27 was deposited into the defendant's accounts. Based on these withdrawals, the agent estimated that Eaken's tax liability for 1985 was approximately $82,774.76.

Eaken was indicted for willfully attempting to evade or defeat the payment of taxes, in violation of 26 U.S.C. § 7201, and for failure to file a tax return, in violation of 26 U.S.C. § 7203. Following the trial, the jury found Eaken guilty on both counts. Eaken was sentenced on Count I (tax evasion) to a maximum term of five years imprisonment and on Count II (failure to file) to probation for a period of two years after incarceration under Count I. On appeal the defendant challenges only his conviction on Count I for tax evasion under 26 U.S.C. § 7201, arguing that not all elements of the crime were proved.

## II.

## DISCUSSION

### A. Standard of Review

■ Our review of Eaken's challenge to his tax evasion conviction based on sufficiency of the evidence is extremely narrow. We are limited to determining, when the evidence is viewed in the light most favorable to the government, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis omitted). *See also United States v. Beall*, 970 F.2d 343, 345 (7th Cir. 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1291, 122 L.Ed.2d 683 (1993); *United States v. Johnson*, 965 F.2d 460, 467 (7th Cir.1992).

### B. Sufficiency of the Evidence

■ Section 7201 provides that "[a]ny person who willfully attempts in any manner to evade or defeat any tax" has committed the crime of tax evasion. 26 U.S.C. § 7201. In order to prove tax evasion under this section, the government must demonstrate the existence of a tax deficiency, that the defendant

acted willfully, and that the defendant took an affirmative act to elude or defeat the obligatory payment of tax. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). *See also Beall*, 970 F.2d at 345; *United States v. Jungles*, 903 F.2d 468, 473 (7th Cir.1990). Eaken argues that there is not sufficient evidence to show either willfulness or an affirmative act of tax evasion. The existence of a tax deficiency is abundantly clear in this case and need not be further considered. The other two elements, however, must be seriously reviewed.

In this context, willfulness has been described as the "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991). In its landmark decision in *Spies v. United States*, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943), the Supreme Court discussed the requirement under § 7201 that an affirmative action showing intent to defeat or evade a tax obligation be proved and remarked that conviction under this section demands proof of

some willfull commission in addition to the willful omissions that make up the list of misdemeanors [under § 7203]. Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony.

By way of illustration—and not by way of limitation—the Court further noted that "an affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal. If the tax evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime." *Id.*

■ Eaken contends that no overt act evincing an intent to avoid the payment of income taxes was proved by the government. The indictment alleged that he evaded his tax obligations under § 7201 through the following actions: (1) failing to make an income tax return on or before April 15, 1986; (2) acquiring in excess of $197,800.00 through a series of illegal withdrawals from the estate account; (3) refusing to appear before the probate court for estate proceedings; (4) refusing to file an accounting or to deliver the assets of the estate; (5) securing the services of an attorney to represent that another attorney was being obtained to represent the defendant and that the estate would soon be closed; and (6) attempting to conceal by diverting the funds into multiple bank accounts, including accounts of business partnership entities other than Eaken's own business account. Br. of Appellant at 17 (Indictment).

■ It is well established that the affirmative act required under 26 U.S.C. § 7201 must demonstrate something more than a mere passive failure to pay the income tax. *United States v. Conley*, 826 F.2d 551, 557 (7th Cir.1987) (*citing United States v. Mesheski*, 286 F.2d 345, 346 (7th Cir.1961)). This court has previously held that "reprehensible actions, designed to hinder detection of the strictly local crime of embezzlement, do not constitute such affirmative conduct as clearly and reasonably infers a motive to evade or defeat the tax." *Mesheski*, 286 F.2d at 347. In *Mesheski*, we reversed a defendant's conviction for tax evasion where a tax preparer converted the tax payments of his clients to his own use and subsequently failed to pay taxes on the amounts embezzled from his clients.

In *Mesheski*, the defendant prepared the returns and received payment from the taxpayers in cash or in checks payable to his order. He then prepared his own checks payable to the district director of the IRS, as well as envelopes addressed to that official, which he exhibited to the taxpayers, who were also given receipts and informed that their tax obligations had been discharged. Thus, Mesheski's actions forestalled investigation by the taxpayers who would not there-

after expect to receive either cancelled checks or receipts from the IRS. The concealment in *Mesheski* was only from the taxpayers themselves; there was no independent proof of concealment from the IRS. Although Mesheski had committed affirmative acts with regard to his clients, we found that the evidence regarding his own tax obligations disclosed nothing other than mere passive failure to pay. We there held that there "must be something more, some affirmative positive act to attempt to defeat or evade the tax." *Id.* at 346.

Eaken argues that his case is identical to Mesheski's and that the evidence presented at trial fails to establish any affirmative positive act to attempt to defeat or evade the tax. He claims that, like Mesheski, he merely failed to file a tax return and thus cannot be convicted under § 7201. He further argues that even if we find that he took affirmative steps to conceal the fact of his embezzlement, none of these actions reflect any intent to evade his income tax obligations. Based on the evidence presented at trial, we disagree. In *Mesheski*, while the defendant attempted to conceal his embezzlement from the clients, he took no affirmative steps which could be interpreted to constitute an attempt to evade or defeat his own tax obligations. *Mesheski* presented for our review a case of embezzlement coupled with the mere passive failure to pay income tax on funds embezzled from other taxpayers.

Unlike *Mesheski*, it is undisputed that Eaken took additional affirmative steps to conceal his own receipt of the embezzled funds from the estate account. First, Eaken made 34 individual withdrawals from the estate account; to make these withdrawals, he used withdrawal forms rather than checks. Second, the majority of the withdrawn funds was deposited into three separate accounts, two of which were not in Eaken's name. *See* Gov't Exs. 3, 5, 7. Significantly, over $26,000.00 of the embezzled funds remains unaccounted for. Despite the fact that Eaken's name was among the names on the signature card for each account, the parcelling of the embezzled funds among three different accounts at the same bank constitutes an affirmative act which may reasonably be interpreted as an attempt to conceal Eaken's receipt of the embezzled funds as his income. In fact, such manipulation of funds is common among tax evasion and money laundering schemes.

Eaken insists that his actions evidence only an intent to conceal his crime of embezzlement, and that they do not rise to the level of willful affirmative action required by the Supreme Court in *Spies*. Again, we disagree. These actions can clearly constitute willful affirmative acts under *Spies;* that Court stated, "[i]f the tax-evasion motive plays *any part* in such conduct the offense [under § 7201] may be made out *even though the conduct may also serve other purposes such as the concealment of other crime.*" 317 U.S. at 499, 63 S.Ct. at 368 (emphasis added). No doubt these actions assisted Eaken's execution of the embezzlement scheme. However, a rational trier of fact could also find that by these actions he intended to conceal his receipt of the embezzled funds as income from the IRS.

Whether the affirmative positive acts of depositing the embezzled funds into multiple bank accounts evidence an attempt to evade tax obligations obviously depends upon Eaken's intent with regard to these acts. For example, by these acts Eaken could have intended merely to conceal the money from the estate beneficiaries. Similarly, by these acts Eaken could have intended to conceal the embezzlement from the probate court. Indeed, Eaken insisted at trial that this was his only intent with regard to his actions. Tr. at 135–36. However, it is also reasonable to conclude from the evidence presented at trial that by these acts Eaken intended to conceal from the IRS his receipt of the embezzled funds as income during the year 1985.

The defendant further argues on appeal that the absence of a tax evasion motive is revealed by the fact that he sought an extension in time for the filing of his 1985 return and paid $1700.00 to the IRS. *See* Gov't Exs. 17, 17–1. However, as the government correctly points out, this fact supports an alternative interpretation: Eaken's actions reveal his awareness of tax obligations, yet he paid as an estimate of his 1985 tax obli-

gation only $1700.00 to the IRS when his actual tax obligation to the IRS was over $80,000.00. Br. of Appellee at 7–8. It is quite plausible to believe that he was actually trying to mislead the IRS by proposing that his income for 1985 was relatively modest as compared to what it actually was.

Eaken's attorney argued his position to the jury in this case. Tr. at 172–88. The jury was properly instructed on both the affirmative action and willfulness requirements of the crime of tax evasion under 26 U.S.C. § 7201. The relevant instructions stated:

> To sustain the charge of attempting to evade or defeat a tax, as charged in Count 1, the government must prove the following propositions:
>
> First, a tax was due and owing by the defendant; and
>
> Second, the defendant intended to evade or defeat the assessment or payment of the tax; and
>
> Third, the defendant willfully did some affirmative act in furtherance of this intent.
>
> If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty on Count 1.
>
> If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty on Count 1.
>
> The term "willfully" in this instruction means to act voluntarily and intentionally, with the specific intent to keep from paying a tax imposed by the income tax laws, or to avoid assessment of a tax that it was the legal duty defendant to pay to the government, and which the defendant knew it was his legal duty to pay.
>
> Just failing to file an income tax return, standing alone, is not a sufficient basis to find that the defendant acted willfully.

Tr. at 198–99. Based on their verdict, the jury chose not to believe Eaken's testimony regarding his lack of intent to evade or defeat his tax obligations.

In challenging his tax evasion conviction for sufficiency of the evidence, Eaken "carries a heavy burden," *United States v. Campbell,* 985 F.2d 341, 344 (7th Cir.1993), for we must review the evidence and all reasonable inferences which may be drawn from it in the light most favorable to the government. Moreover, it is well settled that we may not reweigh the evidence or determine the credibility of witnesses. *United States v. Maholias,* 985 F.2d 869, 874 (7th Cir.1993). As we have previously noted, "the credibility of witnesses is peculiarly within the province of the jury and our review of credibility is prohibited absent extraordinary circumstances." *United States v. Noble,* 754 F.2d 1324, 1332 (7th Cir.), *cert. denied,* 474 U.S. 818, 106 S.Ct. 63, 88 L.Ed.2d 51 (1985). The test is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Having been properly instructed regarding the requirement that an affirmative positive act and willfulness be proved, the jury concluded that by his actions Eaken willfully attempted to evade or defeat his tax obligations for the year 1985. Based on the evidence presented at trial, we believe that a rational jury could have found the elements of willfulness and an affirmative act of tax evasion as articulated by the Supreme Court in *Spies.* Accordingly, the defendant's conviction on Count 1 is affirmed.

## III.

## CONCLUSION

For the reasons stated above, the defendant's conviction for tax evasion is AFFIRMED.