**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert M. SULLIVAN, Defendant.**

**No. 4518.**

United States District Court,
D. Montana,
Helena Division.

Jan. 30, 1974.

Roy E. Murray, Jr., Asst. U. S. Atty., Butte, Mont., for plaintiff.

I. James Heckathorn, Murphy, Robinson, Heckathorn & Phillips, Kalispell, Mont., for defendant.

OPINION

RUSSELL E. SMITH, Chief Judge.

Defendant was convicted on three counts of failing to file federal income tax returns for the years 1969, 1970, and 1971, in violation of 26 U.S.C. § 7203.

On motion for a new trial, or in the alternative for judgment notwithstanding the verdict (treated as a motion for judgment of acquittal), the defendant contends that the evidence was insufficient.

Defendant is a certified public accountant who has been practicing his profession since 1960. About one-third of his gross income was derived from preparing tax returns for others. It is conceded that in each of the years 1969, 1970, and 1971 defendant was, by reason of the amounts of his gross income, required to file income tax returns. In May 1970 defendant requested an extension of time within which to file his 1969 return. That request was denied. On defendant's application dated May 19, 1971, he was granted until May 22, 1971, to file the 1970 return, and on defendant's request dated June 2, 1972, he was granted until June 5, 1972, to file his 1971 return. On September 11, 1972, the Internal Revenue Service mailed defendant a letter requesting that he file his returns. On October 10, 1972, defendant called the Internal Revenue Service and said that he would file his returns by October 31, 1972. On November 11, 1972, he filed his 1969 and 1970 returns and paid all taxes, penalty, and interest due. On November 17, 1972, he filed his 1971 return and paid all amounts due. Defendant was audited for the years 1969, 1970, and 1971, and no additional taxes were assessed. The Chief of the Intelligence Division testified that there is nothing involved in this case except the failure to make timely filings.

There is evidence that in June 1970 plaintiff's wife, who was his office manager, was seriously injured in a boating accident and that this caused some dis-

ruption of the defendant's business, but the jury was justified, in finding that under all of the circumstances this did not excuse the late filing of the 1969 return, the time for the filing of which had already expired, or for the late filings of the 1970 and 1971 returns, the first of which were not due until eight or nine months after Mrs. Sullivan returned to work. The evidence does show that the office operated in 1969, 1970, and 1971, producing a substantial gross income in each year. There is nothing in the evidence to suggest that the defendant had a purpose to hide his financial transactions from the Government or to evade the payment of tax. The requests for extensions of time, which served to call the attention of the Internal Revenue Service to the fact that defendant had not filed, evidence a consciousness of the necessity for filing and an intention to file at some time. The evidence would not warrant a finding that defendant failed to file to postpone the payments of the tax. There was a net loss in 1972, and as to the other years, although defendant was in debt, his credit was good. He had borrowed money with which to pay income taxes in previous years. There is no remote suggestion that plaintiff was engaged in any off-color activities which a failure to file would conceal. There is no evidence that defendant was in any way concealing or attempting to conceal his true income, and such evidence as bears on that subject would refute a contrary finding. The jury was justified in finding that the defendant knew of his obligation to file and deliberately and intentionally failed to do so because he gave priority to other things or because he

simply did not want to be bothered by preparation of his own tax returns.[1]

Convictions have been sustained in the Ninth Circuit on factual situations identical to those here. Eustis v. United States, 409 F.2d 228 (9th Cir. 1969); Edwards v. United States, 375 F.2d 862 (9th Cir. 1967).

However, the rule that the word "willful" has a different meaning in a felony statute than in misdemeanor statutes as announced in Abdul v. United States, 254 F.2d 292 (9th Cir. 1958), and relied upon in Eustis v. United States, *supra*, and Edwards v. United States, *supra*, was specifically rejected by the Supreme Court in United States v. Bishop, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973). It is clear from *Bishop* that an act to be willful must be done with a bad purpose or evil motive. This poses the very specific question: May we ascribe to a man, who fully realizes his obligation to file but who fails to file because of his preoccupation with something else, the bad purpose or an evil motive required by *Bishop*? A great many things in this modern world are bad or evil only because Congress says so, and Congress does have the power to declare what is bad in the exercise of its power to tax. There is nothing in the law which suggests that a man, to be guilty of a willful failure to file income tax returns, must be motivated to break some other law or to violate some Ten-Commandment-type ethic. If by congressional fiat it is bad to fail to file an income tax return, then a bad purpose may be found where the obligation to act is fully known and consciously disregarded.

For these reasons the motion for a judgment of acquittal is denied.

---

1. If I thought that the jury verdict was based on any finding other than this one I would grant a new trial because in my opinion there is no evidence to support a finding of any purpose other than the purpose to give other things a priority or not be bothered.