925 F.2d 1457
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Morton J. OWRUTSKY, Plaintiff-Appellee,
v.
Nicholas F. BRADY, Secretary, Department of the Treasury,
Defendant-Appellant.
 No. 89-2402.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1990.
Decided Feb. 19, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-88-1016-R)
 William Anthony Whitledge, Tax Division, United States Department of Justice, Washington, D.C. (Argued), for appellant; Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, Charles E. Brookhart, James H. Love, Tax Division, United States Department of Justice, Washington, D.C., Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 Paula Marie Junghans, Venable, Baetjer and Howard, Baltimore, Md., for appellee.
 D.Md.
 REVERSED.
 Before WIDENER and WILKINS, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 WILKINS, Circuit Judge:
 
 
 1
 The Secretary of the Treasury appeals an order of the district court reversing the Secretary's decision to disbar Morton J. Owrutsky from practice before the Internal Revenue Service for failure to timely file income tax returns. We reverse.
 
 I.
 
 2
 Owrutsky is an attorney admitted to practice law in the State of Maryland. He had sufficient income to require him to file personal federal income tax returns for the tax years 1974 through 1979. He received an extension to August 25, 1975 for filing his 1974 tax return, but did not file it until May 4, 1976. He filed his 1975 tax return, due April 15, 1976, more than two years late on April 24, 1978. Although he was granted an extension to June 15, 1977 for his 1976 return, he did not file it until September 18, 1978. His 1977 return, due April 15, 1978, was not filed until June 4, 1980. He filed his 1978 return on July 12, 1980, which was more than one year after the extended deadline of April 30, 1979. After receiving an extension to June 15, 1980 for filing his 1979 tax return, he finally filed that return on June 26, 1981. Owrutsky received refunds for the years 1974, 1975, and 1976 and reported no tax liability for 1977, 1978, and 1979. During these years he represented clients in both civil and criminal tax matters in Internal Revenue Service proceedings.
 
 
 3
 On February 23, 1984, the Director of Practice for the Department of the Treasury initiated proceedings to have Owrutsky disbarred from practice before the Internal Revenue Service for willfully failing to file timely returns for the tax years 1974 through 1979. At a hearing before an administrative law judge, Owrutsky stated that he had not timely filed his tax returns because a partner in a real estate venture did not maintain adequate records to provide him the information needed to complete the returns in a timely manner. Rejecting this explanation, the ALJ found that the specific testimony given by Owrutsky and other witnesses who testified on his behalf concerning the partnership was not truthful and that in general Owrutsky's testimony was not worthy of belief.
 
 
 4
 The ALJ concluded that Owrutsky knew he was required to file returns, knew when they were required to be filed, and knew they were required to be timely filed. He held that Owrutsky's failure to timely file tax returns for six consecutive years was "clearly a voluntary, intentional violation of a known legal duty." Accordingly, he ordered Owrutsky disbarred from further practice before the Internal Revenue Service. In affirming the decision of the ALJ, the Secretary concluded that Owrutsky was aware of his obligations to timely file and "consciously, intentionally, and voluntarily chose not to file his returns when they were due."
 
 II.
 
 5
 The Secretary of the Treasury is authorized to "disbar from practice before the Internal Revenue Service any attorney ... shown to be ... disreputable." 31 C.F.R. Sec. 10.50 (1990). Disreputable conduct includes "[w]illfully failing to make Federal tax return[s] in violation of the revenue laws of the United States." 31 C.F.R. Sec. 10.51(d) (1990). The Internal Revenue Code provides that individuals are required to file income tax returns before the April 15 deadline or within a period of time granted by an extension. See I.R.C. Secs. 6012(a), 6072(a), 6081(a) (West 1989). In the context of the felony and misdemeanor sections of the Revenue Code, the term "willfully" is defined as "a voluntary, intentional violation of a known legal duty." United States v. Pomponio, 429 U.S. 10, 12 (1976).
 
 
 6
 The district court held that Owrutsky's eligibility for refunds and his lack of any tax liability precluded a willful motive. The court overlooked the important finding by the ALJ that Owrutsky, an experienced practicing attorney, was fully aware that he had a legal duty to timely file returns regardless of his tax liability. See Spies v. United States, 317 U.S. 492 (1943). Under the Pomponio standard, willfulness does not require proof of any motive other than an intentional violation of a known legal duty. Cheek v. United States, 59 U.S.L.W. 4049 (U.S. Jan. 8, 1991); see also United States v. Sullivan, 369 F.Supp. 568, 569 (D.Mont.1974) ("If by congressional fiat it is bad to fail to file an income tax return," then willfulness may be found when "the obligation to act is fully known and consciously disregarded.").
 
 
 7
 In determining whether the ALJ properly found that Owrutsky's failure to timely file the tax returns was willful, we review his findings, as did the district court, under the substantial evidence standard. 5 U.S.C.A. Sec. 706(2)(E) (West 1977). As this court has emphasized, our scope of review of the ALJ's factual findings is limited and deference must be given to the factfinder's inferences and credibility determinations. Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540 (4th Cir.1988). We hold that these facts, coupled with the ALJ's findings of the lack of credibility on the part of Owrutsky and his witnesses, provide substantial evidence to support a determination of willfulness.
 
 
 8
 REVERSED.
 
 
 9
 JAMES H. MICHAEL, Jr., District Judge, joins.
 
 
 10
 WIDENER, Circuit Judge, concurs.
 
 WIDENER, Circuit Judge, concurring:
 
 11
 I concur in the result.