UNITED STATES of America,
Plaintiff–Appellant,

v.

William E. EAKEN, Defendant–Appellee.

No. 93–1362.

United States Court of Appeals,
Seventh Circuit.

Submitted April 22, 1993.

Decided June 8, 1993.

Frances C. Hulin, Asst. U.S. Atty., Office of the U.S. Atty., Danville, IL, for plaintiff-appellant.

Ronald E. Boyer, Wateska, IL, for defendant-appellee.

William E. Eaken, pro se.

Before CUDAHY, EASTERBROOK, and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

The United States asks us to reverse a district court order releasing William Eaken on bail pending appeal. Because we conclude that Eaken's appeal presents a substantial question of law likely to result in a reversal of his conviction, we affirm the order of the district court.

## I.

A grand jury indicted William Eaken for willfully attempting to evade or defeat the payment of taxes in violation of 26 U.S.C. § 7201, and for failure to file a tax return in violation of 26 U.S.C. § 7203. The indictment alleged that Eaken attempted to evade the payment of taxes by:

> failing to make an income tax return on or before April 15, 1986 ... by acquiring ... $197,800 through a series of illegal withdrawals from the account of an estate that he was administering; by refusing to appear before the Probate Division ... for proceedings concerning the estate; by refusing to file an accounting of the estate or to deliver the assets of the estate; by securing the services of an attorney to represent to the Probate Division that another attorney was being retained to represent Eaken and that the estate would be closed; and by attempting to conceal the embezzlement by diverting the funds into multiple bank accounts of business partnership entities other than Eaken's own business account.

After a jury trial, Eaken was convicted of both willful tax evasion and failure to file a tax return, and he was sentenced to five years imprisonment on the tax evasion count and to probation on the failure to file a return count. Eaken appealed the judgment of conviction and filed a motion for release pending appeal. The district court granted Eaken's motion and released him on bail pending appeal. The government appeals the order releasing Eaken.

## II.

■ Section 3143(b) of Title 18 governs motions to release a defendant pending appeal: "the judicial officer shall order that a person who has been found guilty of an offense ... be detained, unless the judicial officer finds—(A) ... that the person is not likely to flee or pose a danger to the ... community ... and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in ... reversal." 18 U.S.C. § 3143(b) (1992).

In the present case, the government concedes that the only factor at issue is whether Eaken's appeal "raises a substantial question of law or fact likely to result in ... reversal."

We review *de novo* orders releasing a defendant pending appeal—that is, "our review of release ... orders under 18 U.S.C. § 3143(b) is independent." *United States v. Shoffner*, 791 F.2d 586, 590 (7th Cir.1986). In granting Eaken's release pending appeal, the district court stated: "I don't believe there is [a] substantial question of fact, really, in the case.... I can't say that two circuit judges won't disagree with me. But, at the same time, I think all [Eaken] may achieve is to delay the evil day. I will enlarge him on bail pending appeal." *United States v. Eaken*, No. 92 CR 20022, order at 1–2 (N.D.Ill. Jan. 11, 1993) (order releasing defendant on bail pending appeal).[1] The district court's order is insufficient to support release pursuant to section 3143(b). *See Shoffner*, 791 F.2d at 589 ("a district court ... should not base its bail determination on its assessment of a defendant's chances of getting some panel of the Court of Appeals to agree with him"). Our own independent review, however, convinces us that Eaken's appeal raises a substantial question likely to result in a reversal of his conviction for willfully attempting to evade the payment of taxes.

■ An appeal raises a "substantial question" if it presents " 'a 'close' question or one that very well could be decided the other way.' " *Shoffner*, 791 F.2d at 589 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)). Eaken asserts that a substantial question exists as to whether the evidence was sufficient to prove an overt act evincing an intent to avoid the payment of income taxes. To establish insufficiency of the evidence, Eaken must demonstrate that "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560

---

1. A district court is required to provide a list of reasons either in a written order or in a hearing transcript supporting her ruling on a motion for release pending appeal. Fed.R.App.P. 9(b).

(1979); *accord United States v. Beall,* 970 F.2d 343, 345 (7th Cir.1992). The crime of willful tax evasion has three elements: willfulness, the existence of a tax deficiency, and an affirmative act constituting an attempt to evade or defeat the payment of the tax. *Beall,* 970 F.2d at 345; *United States v. Conley,* 826 F.2d 551, 556 (7th Cir.1987). Significantly, the affirmative act must demonstrate something more than a "mere passive failure to pay." *Conley,* 826 F.2d at 557 (citing *United States v. Mesheski,* 286 F.2d 345, 346 (7th Cir.1961)).

▪ In the present case, we are unsure that the evidence demonstrates an "affirmative positive act to attempt to defeat or evade the tax." *Mesheski,* 286 F.2d at 346. The government emphasizes Eaken's embezzlement of estate funds and his "diversion" of funds to private bank accounts. We have previously held, however, that "reprehensible actions, designed to hinder detection of the strictly local crime of embezzlement, do not constitute such affirmative conduct as clearly and reasonably infers a motive to evade or defeat the tax." *Id.* at 347. In *Mesheski,* we reversed the conviction of a tax preparer who embezzled money from his clients and diverted these proceeds to his own use without the payment of taxes, finding this conduct legally insufficient to constitute willful tax evasion. *Id.*

The government, nevertheless, attempts to distinguish *Mesheski* by focusing on Eaken's alleged concealment of embezzled funds. The government asserts that the diversion of the embezzled funds to three different accounts was an affirmative act evincing an intent to defeat the payment of taxes. *See Conley,* 826 F.2d at 557–58 (holding that defendants who diverted funds to hidden or untraceable accounts evaded the payment of tax by concealing their assets). Although the government's argument may have some merit, we believe that our decision in *Mesheski* provides Eaken with a significant issue on appeal.

The record indicates that Eaken deposited the embezzled proceeds in three personal business accounts, one of which was in his own name. Furthermore, the two remaining accounts (accounts for his business partnership) listed Eaken's social security number and also recognized him as an authorized signatory. Finally, all three accounts were maintained at the same bank as the estate account. Given these facts, we conclude that a substantial question exists on appeal as to whether Eaken committed affirmative acts evincing an intent to evade the *payment* of taxes. *See Conley,* 826 F.2d at 557 ("The charge against the defendant ... was that he willfully attempted to avoid paying what he did disclose.... There is a distinction between willfully attempting to evade the *assessment* of the tax and willfully attempting to evade or defeat the *payment* of the tax") (emphasis added).[2] As we emphasized in *Mesheski,* "actions[ ] designed to *hinder detection* of the strictly local crime of embezzlement[ ] do not constitute such affirmative conduct as clearly and reasonably infers a motive to evade or defeat the tax." *Mesheski,* 286 F.2d at 347 (emphasis added). We believe that Eaken has presented a substantial issue as to whether, as a matter of law, a jury could have found beyond a reasonable doubt that Eaken's conduct demonstrated the requisite intent.

▪ Our dissenting colleague, however, would order Eaken jailed during the pendency of his appeal on the assumption that, even if the tax evasion conviction is reversed, Eaken would still spend one year in jail on the failure to file conviction, which Eaken has not challenged on appeal. (Dissent at 744–745.) Because Judge Easterbrook considers this one-year sentence almost a certainty, he would have Eaken begin to serve it immediately, before a panel of this Court has considered Eaken's challenge to the tax evasion conviction. Yet, we find Eaken's possible sentence on the remaining conviction less certain than does the dissent.

The district court originally sentenced Eaken to five years imprisonment for tax evasion and two years probation on the failure to file charge. Because the district court

---

**2.** The record reveals that Eaken fully disclosed his embezzlement of estate funds to both the probate court and to agents at the Internal Revenue Service, and further, that he never made any false statements regarding his tax liability to these officials.

sentenced Eaken to the five-year statutory maximum on the tax evasion count, *see* 26 U.S.C. § 7201, the dissent finds it "unlikely" that the district court, in the event that conviction is overturned, would impose a sentence less than the one-year statutory maximum on the failure to file count. *See* 26 U.S.C. § 7203. Yet, as the difference in the maximum sentences under sections 7203 and 7201 reflects, failure to file is considered a less serious crime than tax evasion. Therefore, absent a tax evasion conviction, we will not assume that the district court would automatically impose the maximum period of incarceration for failure to file.

The dissent also focuses on the nearly identical treatment of the two offenses under the Sentencing Guidelines, noting that Eaken would drop only one offense level if his tax evasion conviction were reversed. (Dissent at 744–745.) But as our colleague acknowledges, the Sentencing Guidelines do not apply to Eaken because the crimes charged in the indictment occurred before November 1, 1987, the effective date of the Guidelines. *United States v. Stevenson*, 942 F.2d 1111, 1116 (7th Cir.1991). Thus, in this pre–Guidelines case, the district court enjoys even greater discretion in formulating the defendant's sentence. *United States v. Johnson*, 903 F.2d 1084, 1089 (7th Cir.1990). Although the district court certainly would have the authority to sentence Eaken to one year on the failure to file conviction, it could also fine Eaken or impose a period of probation, for imprisonment is not required by section 7203. Because of the availability of these sentencing options, we find that the requirements of 18 U.S.C. § 3143(b)(1)(B)(iv) have been satisfied here. Our dissenting colleague's speculation as to Eaken's future sentence would have the effect of usurping the district court's exclusive sentencing role by limiting its sentencing options.[3] When a particular period of imprisonment is not re-quired by the statute, we refuse to intrude upon the district court's discretion by, in effect, passing that sentence ourselves.

## III.

For the foregoing reasons, the motion of the United States is DENIED and the order releasing Eaken on bail pending appeal is AFFIRMED.

EASTERBROOK, Circuit Judge, dissenting.

Convicted defendants are confined promptly after being sentenced, unless "a substantial question of law or fact [is] likely to result in" reversal or a reduction in imprisonment to less than the anticipated duration of the appeal. 18 U.S.C. § 3143(b)(1)(B). Even district judges who perceive a "substantial question" lurking do not believe that the question is "likely" to produce reversal—if they believed this, they would have acquitted the defendant. The self-critical role in which § 3143(b)(1)(B) casts a district judge justifies non-deferential appellate review and the conclusion that "likely" means a middling probability. See, e.g., *United States v. Bilanzich*, 771 F.2d 292 (7th Cir.1985); *United States v. Greenberg*, 772 F.2d 340 (7th Cir.1985).

Willingness to review the record independently does not imply, however, that we disregard the views of the jury and the district judge. Review of an order granting or denying release on bail pending appeal previews the substantive appeal. And the standard on this appeal may be highly deferential. When, for example, the question is whether the evidence supports the verdict, we take all facts and inferences in the light most favorable to the prosecution, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), and then ask whether any reasonable juror could have found these facts and inferences sufficient. *Jackson v. Virgi-*

---

**3.** The dissent purports to fulfill a statutory responsibility by predicting the sentence the district court would impose on remand. (*See* Dissent at 745.) Yet our colleague does not engage in the language of prediction, for he unequivocally states that "Eaken owes the United States a year of his life for failure to file his tax return for 1985." (*Id.* at 745.) We believe that the dissent is not predicting what Judge Baker would do, but is essentially telling Judge Baker what he should do if the case is remanded for resentencing. (*See id.* at 745.) By declining to issue a similar directive, we have not spurned our statutory duty under section 3143(b)(1)(B)(iv). (*Id.* at 745.) Rather, we have respected the district court's broad, pre-Guidelines discretion to pass an appropriate sentence if the case is remanded.

*nia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). At this preliminary stage, the degree of our respect for the jury's conclusion is no less; perhaps we owe extra deference, because we lack a complete record. Hence the district judge's views are invaluable. In this case the judge wrote: "I don't believe there is an [sic] substantial question of fact, really, in the case." He let Eaken out on bail only because: "I can't say that two circuit judges won't disagree with me." *United States v. Shoffner,* 791 F.2d 586, 588 (7th Cir.1986), repudiates that approach. Take away the erroneous reason and the finding remains: like the jury, the judge believed the facts sufficient. Lacking a transcript of the trial, or even the briefs on Eaken's appeal, we are in no position to disagree.

Eaken's appeal (No. 92–4073) was docketed on December 21, 1992. He had 40 days to file his brief on the merits. Circuit Rule 31(a). That time passed without a brief or a motion for an extension. More than four months have elapsed without a brief; Eaken has contented himself with resisting the United States' appeal (No. 93–1362) seeking his interim incarceration. His delay leaves us in the dark when acting on the prosecutor's appeal. More: § 3143(b)(1)(B) calls for defendants to spend the appeal in jail if the district judge finds that "the appeal is ... for the purpose of delay". Judge Baker wrote: "I think all Mr. Boyer [Eaken's lawyer] may achieve is to delay the evil day." Counsel's lassitude in filing a brief hardly dispels this concern.

During 1985 Eaken, a lawyer, embezzled some $200,000 from an estate he was administering, diverting the funds to three bank accounts, only one of which was in his name. Needless to say, he did not report these ill-gotten gains as income or pay income taxes. So much is conceded. The jury convicted Eaken of both tax evasion and failure to file the appropriate tax return. 26 U.S.C. §§ 7201, 7203. As far as I can see, Eaken contests only the conviction for tax evasion. In responding to the United States' appeal Eaken did not mention the conviction for failure to file. We must take it, then, that this conviction is invulnerable. It means that Eaken faces imprisonment no matter what happens to his conviction for tax evasion—and correspondingly that there is no "substantial question of law or fact likely to result in" imprisonment for less time than the appellate process will require.

The statutory maximum sentence for tax evasion is five years, and the district judge ordered Eaken to serve that entire time. The statutory maximum for failure to file is one year; Eaken thus has a lot to gain if we reverse the conviction for tax evasion. But is he likely to win freedom from confinement? Having concluded that these events and this offender deserved five years' imprisonment, the district judge is unlikely to let Eaken off lightly if we hold that the crime is not technically tax "evasion." Eaken's full sentence was five years in prison for tax evasion and a suspended sentence, plus two years' probation, for failure to file. If this court should reverse the conviction for tax evasion, it would vacate the sentence for failure to file and remand for reconstruction of the sentencing package. E.g., *United States v. Thomas,* 788 F.2d 1250, 1260 (7th Cir.1986). The district court then would un-suspend the sentence and impose imprisonment appropriate to the offense.

In deciding whether eliminating the tax evasion conviction would eliminate Eaken's imprisonment—or reduce by more than four-fifths the total imprisonment—the district judge is likely to consult the Sentencing Guidelines, even though this is a pre-Guideline offense. And the Guidelines treat failure to file and tax evasion all but identically, with the sentence determined largely by the loss to the tax collector rather than by statutory pigeonholes. The base offense level for tax evasion comes from a table of lost tax revenues. U.S.S.G. §§ 2T1.1(a), 2T4.1. The base offense level for failure to file a tax return comes from the same table, minus one level. U.S.S.G. § 2T1.2(a)(1). The specific offense characteristics for the two crimes are identical. U.S.S.G. §§ 2T1.1(b), 2T1.2(b). The message from the Guidelines: if Eaken deserved the statutory maximum of five years under § 7201, he deserves the statutory maximum of one year under § 7203.

Eaken belongs in prison until that year has run.

My colleagues believe that this prediction involves mind reading or, worse, usurpation of the district judge's role. Some element of prediction is inevitable. Section 3143(b)(1)(B) says that the defendant shall be released if

> the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person ... except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

Because Eaken does not challenge the conviction for failure to file (and has no chance of success if he does), subparagraphs (B)(i) and (B)(ii) do not apply. Thus we must ask whether a decision setting aside the tax evasion conviction, but leaving the failure-to-file conviction in place, is "likely to result in ... (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." I have tried to make this prediction and conclude that a rational sentencer would require Eaken to serve time in prison. By condemning my effort and declining to undertake their own, my colleagues are spurning a statutory duty. If a prediction is best made with the benefit of the district court's views, then we should remand to obtain them. But the majority does not solicit the district court's views; instead it affirms.

For what it is worth, I doubt that a reduction from five years to one is "likely". "Any person who willfully attempts in *any* manner to evade or defeat any tax" commits the crime of tax evasion. 26 U.S.C. § 7201 (emphasis added). The "elements of § 7201 are willfulness; the existence of a tax deficiency ...; and an affirmative act constituting an evasion or attempted evasion of the tax". *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). Parceling the proceeds of the embezzlement among three accounts, two of which lacked Eaken's name, was an "affirmative act." Whether by that act Eaken wilfully attempted to evade the tax depends on his intent: was he trying to hide the money from the beneficiaries of the will, from the court administering the estate, from the tax collector, or from all of these? Without taking leave of its senses, the jury could answer: "from all of these." That makes the evidence sufficient.

Eaken relies on *United States v. Mesheski*, 286 F.2d 345 (7th Cir.1961), which reversed a conviction under § 7201 of a tax preparer who embezzled monies that his clients owed to the IRS and did not pay taxes himself on the booty. Whatever one can say about that pre–*Sansone* decision, it does not hold that a jury is forbidden to treat the use of bank accounts under other names as tax evasion; *Mesheski* did not involve multiple bank accounts. Such a step is a common device to hide income from the tax collector, and one would suppose a paradigm of "evasion." We have cited *Mesheski* exactly once, characterizing its facts as embezzlement plus "mere passive failure to pay." *United States v. Conley*, 826 F.2d 551, 557 (7th Cir.1987). A properly instructed jury concluded that Eaken took an "affirmative act" to evade taxes. Given the respect we owe to verdicts in criminal cases, I do not think it "likely" that a panel of this court will reverse.

Once again in closing: even if I am wrong about the tax evasion count, Eaken owes the United States a year of his life for failure to file his tax return for 1985. Under § 3143(b)(1) he must start serving that time now.