In the
United States Court of Appeals
For the Seventh Circuit

No. 01-4084

UNITED STATES of America,

Plaintiff-Appellee,

v.

VINCENT LANE,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00-CR-657--Charles R. Norgle, Sr., Judge.

February 15, 2002


  Before Coffey, Kanne, and Rovner, Circuit
Judges.

  Per Curiam.  The following are before
this court:

  1. DEFENDANT'S EMERGENCY MOTION FOR
RELEASE PENDING APPEAL, filed on January
22, 2002, by counsel for the appellant.

  2. MEMORANDUM IN SUPPORT OF DEFENDANT'S
EMERGENCY MOTION FOR RELEASE PENDING
APPEAL, filed on January 22, 2002, by
counsel for the appellant.

  3. DEFENDANT'S MOTION TO RECONSIDERORDER
GRANTING THE GOVERNMENT'S MOTION TO
EXTEND THE FILING OF ITS RESPONSE BRIEF,
filed on January 22, 2002, by counsel for
the appellant.

  4. MOTION FOR LEAVE TO FILE SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF EMERGENCY MOTION
FOR RELEASE PENDING APPEAL, filed on
January 30, 2002, by counsel for
appellant.

  5. SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
EMERGENCY MOTION FOR RELEASE PENDING
APPEAL, filed on January 30, 2002, by
counsel for appellant.

  6. GOVERNMENT'S RESPONSE TO DEFENDANT'S
EMERGENCY MOTION FOR RELEASE PENDING
APPEAL, filed on February 1, 2002, by
counsel for appellee.

IT IS ORDERED that the motion for release pending appeal is DENIED. It is further ordered that the motion to reconsider order granting the government's motion to extend the filing of its response brief is GRANTED to the extent that briefing shall proceed as follows:

1. The government's brief shall be due on March 1, 2002.

2. The appellant's reply brief, if any, shall be due on March 15, 2002.

The parties are advised that the briefs must be received in the clerk's office by the specified dates and that no extensions of time shall be granted.

Rovner, Circuit Judge, dissenting. The defendant's appeal presents a question of first impression in this circuit as to which our sister circuits are divided. This qualifies as a "substantial question of law" that could well be decided in the appellant's favor. Because I would grant the appellant's motion for release pending appeal, I dissent from the majority's order.

A person may be released pending appeal if the court finds: (1) that the person is not likely to flee or pose a danger to the community if released; (2) that the appeal was not filed for the purposes of delay; and (3) that the appeal raises a "substantial question" of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process. See 18 U.S.C. sec.sec. 3143(b)(1)(A), (B). All agree that Lane satisfies the first two elements. The only dispute here involves the third element, whether Lane has raised a "substantial question" on appeal. This court has defined a "substantial question" as one that is a "close" question or one that "very well could be decided the other way." See United States v. Eaken, 995 F.2d 740, 741 (7th Cir. 1993); United States v. Greenberg, 772 F.2d 340, 341 (7th Cir. 1985). At this stage, the court is not

required to predict the outcome of the appeal, nor does a preliminary determination on a motion for release pending appeal bind the subsequent panel that considers the merits fully. United States v. Hattermann, 853 F.2d 555, 557 (7th Cir. 1988).

The loss-calculation issue Lane raises on appeal is a "substantial question" sufficient to warrant his release. The issue is clearly a complicated one, as the parties and probation officer all reached differing loss calculations. Our court has not directly addressed this issue, but some of our case law appears to support Lane's "net loss" argument. See United States v. Lauer, 148 F.3d 766, 768 (7th Cir. 1998); United States v. Holiusa, 13 F.3d 1043, 1047 (7th Cir. 1994); United States v. Chevalier, 1 F.3d 581, 586 (7th Cir. 1993); United States v. Miller, 962 F.2d 739, 747-49 (7th Cir. 1992) (Flaum, J., concurring); United States v. Schneider, 930 F.2d 555 (7th Cir. 1991). Other circuits are divided. Some support the district court's calculation. See, e.g., United States v. Janusz, 135 F.3d 1319, 1324 (10th Cir. 1998); United States v. Wolfe, 71 F.3d 611, 616-17 (6th Cir. 1995); United States v. Wilson, 980 F.2d 259, 261-62 (4th Cir. 1992). However, others support Lane's "net loss" argument. See, e.g., United States v. Wells, 127 F.3d 739, 748-49 (8th Cir. 1997); United States v. Wright, 60 F.3d 240, 242 (6th Cir. 1995); United States v. Gallegos, 975 F.2d 710, 712-13 (10th Cir. 1992); United States v. Kopp, 951 F.2d 521, 535-36 (3d Cir. 1992).

It may well be that after a full hearing on the merits, this court will affirm the district court's loss calculation, but at this juncture, it is our task to assess whether he has raised a "close" question. The division of existing authority makes it plain that he has done so. If this court ultimately agrees with Lane that his victims' actual losses were zero, his sentence would likely be substantially reduced from 30 months to a 0-6 month range. It is therefore entirely possible that, by the time this appeal is resolved, Lane would have already served far more than the maximum sentence while awaiting this court's decision. See 18 U.S.C. sec. 3143(b). For those reasons, I would grant Lane's motion for release

pending appeal.