# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-1105

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

GREGORY R. DANIELS and
SUSAN V. DANIELS,

*Defendants-Appellants.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00 CR 186—**Rudolph T. Randa**, *Chief Judge.*

_____

ARGUED SEPTEMBER 10, 2004—DECIDED OCTOBER 27, 2004

_____

Before FLAUM, *Chief Judge*, and POSNER and ROVNER
*Circuit Judges.*

FLAUM, *Chief Judge.* Defendant-appellant Gregory Daniels
is a chiropractor who operated his own practice, Daniels
Chiropractic. His wife, co-defendant-appellant Susan
Daniels, served as the clinic's manager. Together they were
charged with two counts of income tax evasion in violation
of 26 U.S.C. § 7201. Following a jury trial, defendants were
convicted on both counts. They now appeal their convictions
and sentences. For the reasons stated herein, we affirm.

## I. Background

On September 26, 2000, a federal grand jury returned a two-count indictment against Gregory and Susan Daniels. Count I charged that on or about April 15, 1994, defendants filed a fraudulent joint federal income tax return for the year 1993 in violation of 26 U.S.C. § 7201. Count II charged that on or about April 15, 1995, defendants filed a fraudulent joint federal income tax return for the year 1994 in violation of 26 U.S.C. § 7201. Defendants moved to dismiss both counts on the ground that the indictment failed to allege that the tax deficiency due for the years in question was substantial. Defendants also moved to dismiss Count I as barred by the six-year statute of limitations set forth in 26 U.S.C. § 6531(3).

After briefing by both parties, on February 12, 2001, the magistrate judge recommended that the district court: (i) deny defendants' motion to dismiss the indictment for failure to allege an essential element of the offense; and (ii) dismiss Count I because the indictment was returned more than six years after April 15, 1994, the date of the alleged offense.

The next day, February 13, 2001, the government filed a superseding indictment, which changed the dates of the alleged fraudulent filings to October 15, 1994 in Count I, and August 15, 1995 in Count II. Other than these date changes, the superseding indictment was identical to the original.

On March 8, 2001, the district court denied defendants' motion to dismiss the original indictment. The district court adopted the report of the magistrate judge with respect to the substantiality requirement, stating: "The Court thinks, as did the Magistrate Judge, that *Sansone v. United States*, 380 U.S. 343 (1965) trumps the Seventh Circuit authority submitted by the defendant on the question of whether the indictment must relate a 'substantial' tax deficiency to sur-

vive." (R. at 30.) The district court also found the motion to dismiss Count I of the indictment on statute of limitations grounds moot in light of the superseding indictment. (*Id.*)

Defendants then moved to dismiss Count I of the superseding indictment, contending that it materially amended the initial charges, and therefore did not relate back to the filing date of the original indictment. On May 25, 2001, the district court adopted the magistrate's recommendation denying the defendant's motion to dismiss. The district court reasoned:

> [T]he Superseding Indictment does not materially amend the initial charges because there were no substantive changes to the allegations. The charges are exactly the same. Defendants are alleged in both indictments to have filed a fraudulent tax return for the tax year 1993. Only the date on which they allegedly did this is different. In other words, the Daniels, who were obligated to file a tax return in 1994 for 1993, are alleged to have fraudulently done so in October of 1994, instead of April of 1994. This cannot be said to be a material broadening or substantial amendment of the charges in the original Indictment. The Superseding Indictment therefore relates back to the original indictment bringing the charges within the statute of limitations.

(R. at 43.)

The case proceeded to trial, and resulted in a mistrial. Following a second trial, defendants were convicted on both counts. Gregory Daniels was sentenced to 15 months imprisonment on each of Counts I and II, both terms to run concurrently, and three years of supervised release, and ordered to pay $13,014.15 in restitution, along with a $200 special assessment. Susan Daniels also was sentenced to serve 15 months imprisonment on each of Counts I and II, both terms to run concurrently, upon the completion of her husband's incarceration. She was also ordered to pay

$13,014.15 in restitution, for which she would be jointly and severally liable with her husband, and a $200 special assessment. Defendants now appeal their convictions and sentences.

## II. Discussion

### A. Substantiality

We review defendants' challenge to the sufficiency of the indictment de novo. *United States v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003). The tax evasion statute provides: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall . . . be guilty of a felony. . . ." 26 U.S.C. § 7201. As the Supreme Court set forth in *Sansone v. United States*: "[T]he elements of § 7201 are will-fullness; the existence of a tax deficiency; and an affirmative act constituting evasion or attempted evasion of the tax." 380 U.S. 343, 350 (1965) (internal citations omitted).

Defendants argue that the district court erred in denying their motion to dismiss the indictment. They point out that the Supreme Court decision in *Sansone* preceded our decision in *United States v. Davenport*, 824 F.2d 1511 (7th Cir. 1987), and therefore insist that the district court was incorrect to suggest that *Sansone* "trumps" the law of this Circuit. While it is true that this Court was aware of *Sansone* when we decided *Davenport*, we disagree with defendants' principal argument that the existence of a "substantial" tax deficiency is an essential element of the crime of tax evasion under our case law.

Defendants rely primarily on the language in *Davenport*, where we listed the elements of the offense of tax evasion as follows:

> (1) an affirmative act constituting an evasion or attempted evasion of the payment or collection of taxes; (2) the existence of a *substantial* tax deficiency; and (3)

> that the defendant acted willfully. *Sansone v. United States*, 380 U.S. 343, 351 (1965); *United States v. Foster*, 789 F.2d 457, 459 (7th Cir. 1986).

*Id.* at 1516 (emphasis added). On at least one other occasion, we have used the word "substantial" in our recitation of the tax deficiency element. *See United States v. King*, 126 F.3d 987, 993 (7th Cir. 1997) ("Again, the elements of a § 7201 offense are the existence of a *substantial* tax deficiency, willfulness, and an affirmative act constituting an attempt to evade or defeat tax.") (emphasis added) (citing *Sansone*, 380 U.S. at 351; *United States v. Eaken*, 995 F.2d 740, 742 (7th Cir. 1993)).

On many other occasions, however, we have recited the elements of tax evasion without mentioning the substantiality of the tax deficiency. *See, e.g.*, *King*, 126 F.3d at 989 (setting forth earlier in the opinion that "[i]n order to obtain a conviction under § 7201, the government must prove three elements: (1) the existence of a tax deficiency; (2) willfulness; and (3) an affirmative act constituting an attempt to evade or defeat tax.") (citing *Sansone*, 380 U.S. at 351; *Eaken*, 995 F.2d at 742); *United States v. Beall*, 970 F.2d 343, 345 (7th Cir. 1992); *United States v. Jungles*, 903 F.2d 468, 473 (7th Cir. 1990); *United States v. Fournier*, 861 F.2d 148, 150-51 (7th Cir. 1988); *United States v. Tishberg*, 854 F.2d 1070, 1072 (7th Cir. 1988); *United States v. Conley*, 826 F.2d 551, 556 (7th Cir. 1987).[1]

Ignoring these other decisions, defendants latch on to the language in *Davenport* to argue that under Seventh Circuit law, substantiality is an essential element of the crime of tax evasion. Therefore, they argue, the indictment in this case was inadequate in failing to charge a substantial tax deficiency.

---

[1] We also note that the Seventh Circuit pattern jury instructions do not mention the word "substantial" in stating the essential elements of a § 7201 violation.

Defendants read too much into *Davenport*. While the word "substantial" does appear in our opinion, the case did not address the issue that confronts us today: whether in a § 7201 prosecution the government must charge in the indictment, and prove beyond a reasonable doubt, the existence of a *substantial* tax deficiency.

In *Davenport*, we addressed whether the government must disprove the defendant's entitlement to every possible deduction in order to sustain a conviction for tax evasion. 824 F.2d at 1516-17. The defendant argued that there was reasonable doubt that he had a substantial tax liability for the year 1980 because "he could have been entitled to additional deductions, if itemized, above the standard deduction." *Id.* at 1516. The revenue agent calculated a tax deficiency of $3358.68, giving the defendant credit for any possible deductions that could have been itemized, and the defendant introduced no evidence of additional deductions to which he was entitled. *Id.* We held that the government need not prove "that there are no other conceivable deductions of any sort to which the defendant might be entitled in the absence of some indication that they may in fact exist," and that in any event a deficiency of just over $3,000 was sufficient. *Id.* at 1516-17. The parties in that case did not raise the question whether substantiality was an element of the offense, and we did not hold that it was.

Nor did we address whether substantiality is an element of tax evasion in *King*, considering only the defendant's challenge to his conviction based on the third element of the offense, the commission of a willful act. 126 F.3d at 993. Moreover, the cases on which we relied to list the elements of tax evasion in *Davenport* and *King* do not themselves mention substantiality. *See Sansone*, 380 U.S. at 351 ("[T]he elements of § 7201 are will-fullness; the existence of a tax deficiency; and an affirmative act constituting evasion or attempted evasion of the tax.") (internal citations omitted); *Foster*, 789 F.2d at 459 ("A violation of 26 U.S.C. § 7201 re-

quires proof of the following elements: (1) the existence of a tax deficiency; (2) an affirmative act constituting an evasion or attempted evasion of the tax; and (3) willfulness.") (citing *Sansone*, 380 U.S. at 351); Eaken, 995 F.2d at 742 ("The crime of willful tax evasion has three elements: willfulness, the existence of a tax deficiency, and an affirmative act constituting an attempt to evade or defeat the payment of the tax.").[2]

We take this opportunity to clarify the law in this Circuit: the government need not charge a substantial tax deficiency to indict or convict under 26 U.S.C. § 7201. To hold otherwise would contradict the clear language of the statute and lead to an absurd result. Requiring the government to charge and prove that a defendant's tax deficiency is substantial in

---

[2] Defendants also cite several decisions from other circuits which mention a substantial tax deficiency as an element of tax evasion. *See, e.g.*, *United States v. Romano*, 938 F.2d 1569, 1571 (2d Cir. 1991); *United States v. Parr*, 509 F.2d 1381, 1385-86 & n.12 (5th Cir. 1975); *United States v. Burkhart*, 501 F.2d 993, 995 (6th Cir. 1974). Defendants' reliance on the language of these decisions is questionable because those courts were not squarely faced with the question. Moreover, subsequent opinions of these courts have listed the elements of tax evasion without requiring a "substantial" tax deficiency. *See, e.g.*, *United States v. D'Agostino*, 145 F.3d 69, 72 (2d Cir. 1998); *United States v. Bishop*, 264 F.3d 535, 545 (5th Cir. 2001); *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 579 (6th Cir. 2002).

The Fourth and Tenth Circuits have mentioned a substantial tax deficiency as an element of tax evasion more consistently, although these courts also have not been called upon to decide the issue directly. *See, e.g.*, *United States v. Wilson* 118 F.3d 228, 236 (4th Cir. 1997) (citing *United States v. Goodyear*, 649 F.2d 226, 227-28 (4th Cir. 1981)); *United States v. Mounkes*, 204 F.3d 1024, 1028 (10th Cir. 2000) (citing *United States v. Meek*, 998 F.2d 776, 779 (10th Cir. 1993)). Defendants conceded at oral argument that no court has held that an insubstantial tax deficiency is not punishable under 26 U.S.C. § 7201.

order to prosecute her for tax evasion would prevent the prosecution and punishment of those who willfully cheat the government out of small or "insubstantial" amounts of money.[3] A substantiality element would invite taxpayers to cheat on their taxes in small amounts without fear of prosecution. We cannot countenance such a result. Although evidence of a large or substantial tax deficiency may aid the government in proving willfulness, it is not itself an element of the offense.

## B.  Timeliness of the Indictment

Defendants argue that the original indictment was untimely and therefore cannot toll the statute of limitations to allow the subsequent filing of the superseding indictment. They further argue that the district court erred in concluding that the superseding indictment did not materially amend the original indictment.

The government responds that the first indictment was timely because the statute of limitations began running on or about October 15, 1994, the date the Daniels actually filed their fraudulent 1993 tax return, not on or about April 15, 1994, the date of the offense as stated in the original indictment. They also contend that the superseding indictment relates back to the filing date of the original indictment for tolling purposes because it alleges exactly the same charges.

---

[3] Defendants do not propose an amount at which a tax deficiency becomes "substantial," or how we could set a threshold. In any event, defendants did not contest substantiality at trial, and at sentencing they conceded a tax loss of over $69,000. Certainly, this amount is substantial under any rubric. *Cf. Davenport*, 824 F.2d at 1517 ("the little more than $3000 in taxes the defendant evaded paying will amply suffice").

We review the district court's ruling regarding the statute of limitations de novo. *United States v. Pearson*, 340 F.3d 459, 464 (7th Cir. 2003). The crime of tax evasion prohibited by 26 U.S.C. § 7201 must be charged within six years "after the commission of the offense." 26 U.S.C. § 6531.

The Supreme Court has held that the offense of tax evasion is "committed at the time the return is filed." *United States v. Habig*, 390 U.S. 222, 223 (1968) (holding that the statute of limitations did not begin to run on the date the defendants' tax returns were initially due, but rather on the date they actually filed the returns after the defendants obtained an extension). As the Court recognized in *Habig*, it would make no sense to interpret the limitations period as "begin[ning] to run before appellees committed the acts upon which the crimes were based." *Id.* at 224-25; s*ee also Sansone*, 380 U.S. at 354 (stating that the crime of tax evasion is "complete as soon as the false and fraudulent understatement of taxes . . . was filed"); *United States v. Yeoman-Henderson, Inc.*, 193 F.2d 867, 869 (7th Cir. 1952) (the crime of tax evasion is "complete when the taxpayer willfully and knowingly files a false return with intent to defeat or evade any part of the tax due to the United States").

The facts of this case are analogous to those in *Habig*. The offense with which the Daniels were charged was committed when they filed their fraudulent tax return for the year 1993. Although the return was originally due April 15, 1994, the Daniels obtained two extensions, making the ultimate due date October 15, 1994. They actually mailed the form on October 10, 1994. Therefore, the offense stated in the indictment: "willfully and knowingly attempt[ing] to evade and defeat a large part of the income tax due and owing by the defendants to the United States of America for the calendar year 1993" was completed no earlier than October 10, 1994, when the defendants committed the affirmative act of "causing to be prepared and [ ] signing or causing to be signed, a false and fraudulent joint 1993 U.S. Individual

Income Tax Return, Form 1040." Because the original in-
dictment was filed on September 26, 2000, it was within six
years of the completion of the offense charged in Count I. We
hold, therefore, that the original indictment was timely
when filed.

Defendants argue that even if the original indictment was
timely, the superseding indictment does not relate back to
the original filing date because the new charges materially
amend the original indictment. According to defendants, the
original and superseding indictments allege different af-
firmative acts constituting tax evasion. The original indict-
ment alleges that defendants took affirmative action to
violate the tax law on or about April 15, 1994; the supersed-
ing indictment charges that defendants took such action on
or about October 15, 1994. These two affirmative acts,
defendants argue, require different sets of proof by the gov-
ernment and call for different defenses.

We disagree. We have held that "a superseding indictment
that supplants a still-pending original indictment relates
back to the original indictment's filing date so long as it
neither materially broadens nor substantially amends the
charges initially brought against the defendant." *Pearson*,
340 F.3d at 464 (quoting *United States v. Ross*, 77 F.3d 1525,
1537 (7th Cir. 1996)). In *Pearson*, we held that the second
superseding indictment related back to the timely-filed
original indictment where it modified the end date of the
charged conspiracy from February 1996 to September 2000
and added three overt acts which occurred during that time.
*Id.* at 465. We noted that the defendants were "on notice of
the charges pending against them because the initial in-
dictment informed appellants in no uncertain terms that
they would have to account for essentially the same conduct
with which they were ultimately charged in the superceding
indictment," and therefore held that the second superseding
indictment did not violate the statute of limitations. *Id.*

In *Ross*, a case involving mail and wire fraud, we held

that superseding indictments related back to the original, timely-filed indictment where the counts at issue:

> had been modified in only two minor respects: (1) reference to a specific Code of Federal Regulations provision had been deleted and replaced with the general words "federal regulations" to obviate confusion from a change in the regulations' numbering; and (2) the time period in which the conduct forming the basis of each count was alleged to have occurred was narrowed by one month.

77 F.3d at 1537-38. We held that neither of these superficial changes to the indictment constituted the kind of broadening or amendment that would prevent relation back to an earlier pending indictment. *Id.* at 1538.

As we explained in *Ross*, statutes of limitation are "mechanisms to guard against possible . . . prejudice resulting from the passage of time between crime and arrest or charge." *Id.* at 1537 (quoting *United States v. Marion*, 404 U.S. 307, 322 (1971)). They are "designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Id.* (quoting *Toussie v. United States*, 397 U.S. 112, 114-15 (1970)).

As in *Pearson* and *Ross*, there is no question that the Daniels were on notice that they were being prosecuted for their fraudulent income tax filing for the year 1993. The Daniels were aware, or should have been aware, that they filed their Form 1040 for the year 1993 on or about October 15, 1994, even though the original indictment was dated April 15, 1994. The original and superseding indictments are identical in all respects except for the date changes. Therefore, we cannot say that the superseding indictment materially broadened or substantially amended the charges against the Daniels.

### III.  Conclusion

For the foregoing reasons, the convictions are AFFIRMED.


**A true Copy:**

> **Teste:**


> _____
> *Clerk of the United States Court of*
> *Appeals for the Seventh Circuit*